"PLEASE RETURN CONFORMED COPY"

E-Filing

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED

JUL 1 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name ___RANDONICH_____DONALD_____E._____
         (Last)                              (First)              (Initial)

Prisoner Number __P-23442_____

Institutional Address __P.O. Box 4000 CSP-Solano - Vacaville, CA 95696-000_____

================================================================

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3730

DONALD EUGENE RANDONICH,
_____
Full Name of Petitioner

Case No.(To be provided by the
clerk of court)

RMW

vs.

D.K. SISTO,
_____          PETITION FOR A WRIT OF HABEAS CORPUS
         Name of Respondent                                                                   (PR)
         (Warden or jailor)

================================================================

Read Comments Carefully Before Filling In

When and Where to File

     You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

     If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| Superior Court | Marin County |
|---|---|
| Court | Location |

(b)   Case number, if known ___SC100954A___

(c)   Date and terms of sentence ___Sixteen years & four months___

(d)   Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes <u>X</u> No __

Where? ___CSP-Solano___      P.O. Box 4000 – Vacaville, CA 95696-4000

(Name of Institution)      (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Possession of Substance with Intent to Manufacture Control Substance – H&S Code §11383;

Possession of Stolen Property – P.C. § 496(a)

3.    Did you have any of the following?

Arraignment: Yes <u>X</u> No __   Preliminary Hearing: Yes <u>X</u> No __ Motion to Suppress: Yes __ No <u>X</u>

4.    How did you plead?

Guilty _____    Not Guilty __X__    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury __X__    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes ___  No _X_

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes _X_         No ___
(b)    Preliminary hearing          Yes _X_       No ___
(c)    Time of plea   Yes _X_       No ___
(d)    Trial   Yes _X_       No ___
(e)    Sentencing   Yes _X_       No ___
(f)    Appeal   Yes _X_       No ___
(g)    Other post-conviction proceeding    Yes ___       No _X_

8.    Did you appeal your conviction?   Yes _X_  No ___

(a)    If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes _X_ | No ___ | 1999 <br> (Year) | Judgment Affirmed <br> (Result) |
| Supreme Court of California | Yes _X_ | No ___ | 2002 <br> (Year) | Hearing Denied <br> (Result) |
| Any other court | Yes _X_ | No ___ | 2005 <br> (Year) | Writ Denied <br> (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?
                                              Yes ___  No _X_

(c)    Was there an opinion?     Yes ___  No _X_

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                    Yes ___       No ___       N/A

4

If you did, give the name of the court and the result:

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes __X__     No __

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

        (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court ___Superior Court, County of Marin_____

Type of Proceeding ___Habeas Corpus_____

Grounds raised (Be brief but specific):

a.    ___Same grounds that will be raised in this petition_____

b.    _____

c.    _____

d.    _____

Result ___Habeas Corpus Denied_____ Date of Result _April 19, 2007_

II.    Name of Court ___Court of Appeal - First Appellate District____

Type of Proceeding ___Habeas Corpus_____

Grounds raised (Be brief but specific):

a.    ___Same grounds that will be raised in this petition_____

b.    _____

c.    _____

d.    _____

Result ___Habeas Corpus Denied_____ Date of Result _May 10, 2007___

III.    Name of Court _California State Supreme Court_____

6

Type of Proceeding _____ Petition for Review _____

Grounds raised (Be brief but specific):

a. _____ Same grounds that will be raised in this petition _____

b. _____

c. _____

d. _____

Result _____ Review Denied _____ Date of Result June 27, 2007 ____

    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes __ No X__

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened? Who

made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need

more space. Answer the same questions for each claim.

    Note: You must present ALL your claims in your first federal habeas petition. Subsequent

petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

    Claim One: __ IMPOSING AN UPPER-TERM SENTENCE VIOLATED APPELLANT'S SIXTH AND FOURTEENTH

AMENDMENT RIGHTS TO A JURY TRIAL AND DUE PROCESS

Supporting Facts: At the outset Petitioner will demonstrate within his
argument that the decision of the state court is an unreasonable application
of clearly established Federal law based upon the watershed/bedrock exception
to ~~Teague  v. Lane~~, 489 U.S. 2188 (1989) is not applicable to ~~Cunningham~~ ~~v.~~
~~California~~ claims made by habeas corpus petitioners whose convictions became
~~final after Apprendi v. New Jersey (2000) was decided, because Apprendi, supra "dictates" the~~

Claim Two: _____  (CONTINUE)

N/A

Supporting Facts: _____ N/A _____

_____

_____

_____


Claim Three: _____ N/A _____

_____

Supporting Facts: _____ N/A _____

_____

_____

_____


If any of these grounds was not previously presented to any other court, state briefly which
grounds were not presented and why:

_____

N/A

_____

_____

8

rule that was announced in <u>Cunningham, supra</u>. (See, e.g. <u>People v. Rosen</u>, ___ Cal. App. 4th ___, 2007 WL 900765 (3/27/07), §VII [<u>Apprendi</u> dictated the result in Cunning-ham; see also <u>Reed v. Schriro</u>, ___ F. Supp. 2d ___, 2007 WL 521016 (D. Ariz. 2/14/07) [key "finality" date for successfully making Cunningham claims is date that <u>Apprendi</u> came down. Petitioner's case became final after Apprendi (2002) and before <u>Blakley</u> (2004). Petitioner  certainly apply for Cunningham relief and the state court deci-was an unreasonably application of clearly established federal law.

Appellant was convicted of one count of Possession of Substance with Intent to manufacture control substance in violation of Health and Safety Code section 11383, and one count of Possession off Stolen Property in violation of 496(a). The trial court imposed the upper term of twelve years without a finding by a jury of the crime being aggravated. In imposing the upper term the court stated in pertinent part;

So on count 1, it's the judgment of the Court, pursuant to the provisions of 11383 of the Health & Safety Code, and 1170.2 and subsections of the Penal Code, you are sentenced to the custody of the California Department of Corrections. And in view of your history, all factors considered and all arguments considered, I find that the upper term is the appropriate term, and it's ordered that you are to serve 12 years in the custody of the State of California Department of Corrections".

"And as to Count 2, the Court finds also that the appropriate term is the upper term; however, under the provision of 1170.1, combined with 496 and 1170.2, the one-third of the mid-term is the applicable period consecutive to the period in Count 1, that's one year four months imposed and 56 months stayed". See Exhibit "A" hereto attached.

## B. The Sentence Imposed Violates the Federal Constitution Because the Court Relied on Factors Not Found True Beyond a Reasonable Doubt By a Jury.

As the United States Supreme Court held in **Apprendi v. New Jersey** (2000) 530 U.S. 466, 490, "Any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In **Blackely v. Washington** (2004) 542 U.S. 296, the Supreme Court held that the trial court's use of an aggravating factor not found to be true by the jury to increase the defendant's sentence above the statutory maximum, other than the fact of a prior conviction, violated the rule explained in **Apprendi**.

In January 2007, the Supreme Court held that California's determinate sentencing law violates a defendant's federal constitutional right to a jury  trial and proof beyond a reasonable doubt by allowing the judge to impose an aggravated sentence based on facts found by the judge by a preponderance of the evidence.

9.

(Cunningham v. California (No. 05-6551, Jan. 22, 2007) 2007 U.S. LEXIS 1324 at p. *11.)  As the Cunningham court stated, "Because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt ... the DSL violates Apprendi's bright-line rule; Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation.]" (Id. at pp. *35-36.)

In the present case, none of the factors used by the trial court pass muster under Cunningham.  The "mere fact of prior conviction" is not an aggravating factor under rule 4.421, and the court's use of appellant's history here were based on qualitative, subjective conclusions which are the type of judgment-calls that Cunningham, Blakely, and Apprendi reserve for the jury.

In addition, the court cited a number of factors in support of imposing the upper term.  The mere fact of Appellant's criminal history, joint suspended sentence and association with the  law would have been insufficient under rule 4.421, and it is otherwise impossible  to determine on the record before this court which factors weighed the heaviest in the court's determination that the upper term was appropriate for appellant.

Thus, because the sentencing factors used in Appellant's case do not pass constitutional muster under the principles followed in Cunningham, the court erred in imposing the upper term.

C.  The Objection Is Not Forfeited.

Trial counsel did not specifically object to the imposition of the upper term as a violation of Appellant's right to a jury trial or his right to a finding beyond a reasonable doubt.

Appellant was sentenced on December 18, 1998 (Exhibit "A").  People v. Black (2005) 35 Cal. 4th 1238 was decided on June 20, 2005.  Thus, at the time of

10.

Appellant's sentencing, **Black,** which upheld California's determinate sentencing law against a Blakley challenge, was controlling authority in California and all lower courts were bound by the holding in **Black.** (Auto Equity Sales, Inc. (1962) 57 Cal. 2d 450.) Even if trial counsel had raised a challenge to the sentencing based upon **Blakely,** the challenge would have been denied pursuant to **Black,** so an objection would have been futile. Therefore, the issue is preserved (**People v. Esquibel** (2006) 143 Cal. App. 4th 645, 660 ["... we find there is no waiver or forfeiture of Blakley error in this case because a criminal defendant cannot have forfeited or waived a legal argument that was not recognized at the time of his trial"].)

    For the same reason, an objection in the trial court would not have achieved the purpose of prompt detection and correction of error in the trial court. (**People v. Scott** (1994) 9 Cal. 4th 331, 351; **People v. Butler, supra,** 122 Cal. App. 4th app. 917-918 ["Since the purpose of the forfeiture doctrine is to 'encourage a defendant to bring any error to the trial court's attention so the court may correct or avoid the errors,' [citation], we find it particularly inappropriate to invoke that doctrine here in light of the fact that Blakely was decided after [Appellant] was sentenced."])

    Furthermore, Appellant did not personally waive his right to a jury trial on the issue of aggravating factors. **Cunningham** established that a defendant has a federal constitutional right to a jury trial as to all factors, other than the fact of a prior conviction, that are used to impose the upper term. His waiver of that right must be knowing and voluntary and must appear on the record; it will not be presumed. (**Boykin v. Alabama** (1969) 395 U.S. 238, 243; see also, California Constitution, article I, section 16; **People v. Ernst** (1994) 8 Cal. 4th 441, 445.)

    Therefore, the failure to object in the Superior Court does not forfeit appellate review of this issue.

11.

## D. Denial of the Right to a Jury Trial is Not Harmless Beyond Reasonable Doubt

Following **Neder v. United States** (1999) 527 U.S. 1, the California Supreme Court addressed whether and to what extent **Apprendi** error should be subject to harmless error analysis. (**People v. Sengpadychith** (2001) 26 Cal. 4th 316.) In Sengpadychith, the trial court submitted a charge gang enhancement to the jury, but did not instruct the jury on one element of the enhancement. (Id. at p. 322.) The California Supreme Court concluded that this **Apprendi** error was subject to harmless error review under the federal standard set out in **Chapman v. California** (1967) 386 U.S. 18: the error was reversible "unless it can be shown 'beyond a reasonable doubt' that the error did not contribute to the jury's verdict ." (Sengpadychith, 26 Cal. 4th at p. 326; see also **People v. Smith** (2003) 110 Cal. App. 4th 1072, 1079, fn. 9 [following **Sengpadychith**].)

The United States Supreme Court recently came to the same conclusion about **Blakely** error in **Washington v. Recuenco** (2006) ___ U.S. ___ [126 S. Ct. 2546, 165 L. Ed. 2d 466]. In **Recuenco**, the defendant was charged with assault with a deadly weapon, "to wit: a hangun." (Id. at p. 472.) Defense counsel requested a special verdict form that directed the jury to make a finding as to whether the defendant used a "deadly weapon." (Ibid.) The jury found the defendant guilty of a second degree assault and found that the assault was committed with a deadly weapon. The court sentenced the defendant as if the jury made a true finding that he had been armed with a firearm. (Ibid.) The United States Supreme Court rejected the argument that this was structural error, reversible without a showing of prejudice and held that this error was subject to **Chapman**'s harmless error standard. (Id. at p. 477.)

There was never any dispute that the defendant used a firearm; the charging document alleged that the deadly weapon was a firearm. (Id. at p. 472.) Thus, the jury's finding that he used a deadly weapon implied the use of a firearm because there is no other conclusion that can be reached. The evidence that a firearm was

12.

used was presented to the jury, and based on the record on appeal, a reviewing court would not need to speculate as to the whether the jury would not have found the deadly weapon to be a firearm, thus it is reasonable that the Court would find the error harmless. **Recuenco** means that the trial court's reliance on an aggravating factor is harmless only if the defendant admitted the factor or did not dispute the evidence supporting the factor. **Neder** does not permit a reviewing court to guess at how a jury would have resolved a dispute. As **Neder** put it, "[a] reviewing court making this harmless-error inquiry does not, as Justice Traynor put it, 'become in effect a second jury to determine whether the defendant is guilty.'"" (**Neder v. United States, supra**, 527 U.S. at p. 19.) Such speculation would be necessary where there can be any dispute about the factors in aggravation, and thus **Recuenco**, while establishing Chapman as the standard of review for prejudice, is limited in its practical application.

In Appellant's case before the Court, the prosecution cannot establish that the error is harmless beyond a reasonable doubt. It is pure speculation that the jury would have found a sufficient number of the aggravating factors to be true. The jury made no finding with respect to the increasing seriousness of Appellant's past history and associating with the law, his probation status, or whether there were multiple victims in this case. **See Abstract of Judgment hereto attached as Exhibit "B".** Furthermore, the aggravating factors used by the judge were, for the most part, subjective conclusions, not the undisputed facts considered in **Recuenco**. The jury easily could have disagreed with the court's belief that Appellant's criminal history were increasingly serious or that there were multiple victims.

E. Appellant's Sentence Must Be Reduced to the Mid-Term.

**Cunningham** reversed the California court's imposition of the upper term, and remanded the case for further proceedings. (**Cunningham, supra**, at p. *46) It did not, however, articulate just what those further proceedings should be, leaving

that to California to resolve. (Id. at p. *45.)

In this case, the only permissible remedy is to strike the upper term and impose the mid-term because current California law does not permit submission of aggravating sentencing factors to a jury. For example, a jury is generally authorized to render only a general verdict. (See Penal Code section 1150 ["The jury must render a general verdict, except that in a felony case, when they are in doubt as to the legal effect of the facts proved, they may, except upon a trial for libel, find a special verdict."].) **Blakely** means there must be a special verdict or a non-capital penalty phase of trial. But in California the scope of jury trials and permissible verdicts are matters governed by the California Constitution, statute, and rules of court. Nowhere do these authorize juries to determine factors in aggravation.

Under **Cunningham**, the factors set forth in Penal Code section 1170 and the implementing rules of court violate the **Apprendi** mandate. The term of imprisonment that may be imposed based solely on the jury's verdict is the middle term. The judge may not impose the upper term unless he/she finds that there are additional aggravating factors, which are reserved solely to the trial judge based upon a preponderance of the evidence standard and can be gleaned from material that the jury never considered (e.g., probation reports). Indeed, by virtue of rule 4.420, subd. (d) the judge is specifically prohibited from imposing the upper term based on an element of the underlying offense -- the very facts that the jury unanimously found to be true beyond a reasonable doubt. However, there is no provision in California law for submitting them to a jury. The "circumstances in aggravation: contained in rule 4.421 are a judicial creation. The legislature has not enacted them and the prosecution did not charge them here. Any "facts that expose a defendant to a punishment greater than that otherwise legally prescribed" are functional equivalent of an element of a greater offense than the covered by the

14.

jury's guilty verdict." (**Apprendi v. New Jersey, supra**, 530 U.S. at pp. 484, fn. 10 494 fn. 19; see also **People v. Betts** (2005) 34 Cal. 4th 1039, 1054 ["A fact that increases the maximum permissible punishment for a crime is the functional equivalent of an element of the crime, regardless whether that fact is defined by state law as an element of the crime or as a sentencing factor."].) After **Apprendi, Blakely, and Cunningham**, "Circumstances in aggravation: are necessarily deemed elements of the crime rather than mere "rules for court administration, practice, and procedure." (**People v. Wright** (1982) 30 Cal. 3d 705, 711, citing California Constitution, article VI, section 6.)

Appellant contends that the judiciary cannot manufacture elements on which a jury may be instructed. (**Keeler v. Superior Court** (1970) 2 Cal. 3d 619, 631 [subject to constitutional limits, "the power to define crimes and fix penalties is vested exclusively in the legislative branch"].) Accordingly, a judicial rule or doctrine "does not itself define a crime, as that is a legislative function." (**People v. Cervantes** (2001) 26 Cal. 4th 860, 867, fn 10.) Absent "legislative proscription of conduct, there is no crime." (**People v. Dillon** (1983) 34 Cal. 3d 441,461.) Nor may courts expand the definition of a crime by interpretation: "it is clear the courts cannot go so far as to create an offense by enlarging a statue, by inserting or deleting words, or by giving the terms used false or unusual meanings." (**People v. Keeler** (1970) 2 Cal. 3d 619, 632.)

Therefore, until or unless the legislature enacts the rule 4.421 factors as elements of crimes or as the basis for sentencing enhancements, trial courts have no authority to instruct juries on those elements or to engage in harmless-error analysis as to what a jury might have done if so instructed. (Cf **State v. Pillatos** (Wash, Jan. 25, 2007) 2007 WL 178188,*3 ["This court will not create a procedure to empanel juries on remand to find aggravating factors because the legislature did not provide such a procedure.... To create such a procedure out of whole cloth

would be to usurp the power of the legislature," and thus "trial courts do not have inherent authority to empanel sentencing juries"]; **State v. Kessler** (2003) 276 Kan. 215-217 [73 P. 3d 761, 771-772] [trial court erred in instructing jury and imposing upward departure when the statutory "procedure in place at the time was unconstitutional" and legislature had not yet enacted new procedure].) Furthermore, any attempt to apply such new legislation to Appellant would be barred by the constitutional prohibition against ex post facto punishment.

Accordingly, this Federal Court should strike the unconstitutionally imposed upper term and impose the mid-term for both counts and remand this case to the lower court for proceedings free from constitutional error.

**WHEREFORE,** for all of the forgoing reasons Petitioner has been denied his Federal Constitutional rights and has demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law.

I swear under the penalty of perjury that all of the  information in this petition for habeas corpus is  true, correct and complete and to those matters stated on information and belief, I believe them to be true.

DATED: July _16_, 2007

Respectfully submitted,

Donald E. Radonich, Jr.
Petitioner In Pro Se/

16.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

(SEE CASES CITED WITHIN ARGUMENT)

Do you have an attorney for this petition?    Yes __ No X̲

If you do, give the name and address of your attorney:

Petitioner request the appointment of counsel

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2007    _Donald E. Radanovich Jr._
           Date                Signature of Petitioner

( rev. 5/96)

E X H I B I T    " A "

1   believe that's what was going on, and I think the jury
2   was thoroughly correct in coming to that conclusion.
3           And you did it at the time when you had your
4   son and when you had your daughter on the way, and if
5   that's not enough to stimulate you to conform your
6   conduct to some reasonable standard of safety and
7   propriety for the rest of the public, what you have in
8   the world right now is no more likely to do so.
9           So I think pursuant to the standards that are
10  clearly articulated in the Romero and in the Williamson
11  case, I do not have good cause to strike the prior and
12  would be in violation of my authority to do so.
13          Given that circumstance, the rest of it has a
14  certain amount of definiteness and compulsion to it.
15  The law provides that you can't be put on probation.  I
16  don't think it would be a good idea anyway, but I can't
17  put you on probation.  In view of all of the
18  circumstances, the law says that without some very
19  substantial good reason, which I don't find, I have to
20  send you to prison.
21          So on Count 1, it's the judgment of the Court,
22  pursuant to the provisions of 11383 of the Health &
23  Safety Code, and 1170.12 and subsections of the Penal
24  Code, you are sentenced to the custody of the California
25  Department of Corrections.  And in view of your history,
26  all factors considered and all arguments considered, I
27  find that the upper term is the appropriate term, and
28  it's ordered that you are to serve 12 years in the

1  custody of the State of California Department of

2  Corrections.

3            And as to Count 2, the Court finds also that

4  the appropriate term is the upper term; however, under

5  the provisions of 1170.1, combined with 496 and 1170.12,

6  the one-third of the mid-term is the applicable period

7  consecutive to the period in Count 1, that's one year

8  four months imposed and 56 months stayed.

9            And then on the 11370.2(b) allegation,

10  pertinent to the offense of Count 1, there's a

11  three-year aggravation provided under the law that's

12  consecutive to the aggregate sentence is 16 years four

13  months in state prison.

14            Following any period in state prison, you will

15  be placed on parole.  The parole period, I believe,

16  would be three-years.  However, it might be extended

17  because of revocations.

18            You could do four additional years in state

19  prison on revocations.  That would be four separate

20  revocations, consequence one year additional time each

21  as a possibility.

22            There is a requirement that you register as a

23  narcotics offender pursuant to 11590 of the Health &

24  Safety Code.

25            And I'll order that you pay a restitution fine

26  in the amount of $3,200 pursuant to Penal Code Section

27  1202.4.

28            And also you need to be aware that if you want

2:45 O'CLOCK P.M.

1   AFTERNOON SESSION

2                        ---oOo---

3         THE COURT:  The record will reflect that we've

4   got all the jurors back .  Both counsel and defendant

5   are here.  The alternates are not present.

6         And, Juror No. 45, because I got a note from

7   you, and because you're carrying something that looks

8   like the verdict forms and the instruction book, I'm

9   going to infer that you not only have been elected

10  foreperson but you have not been deposed.  Is that

11  correct?

12        JUROR NO 45:  No.

13        THE COURT:  And the other thing is, the

14  bailiff has informed me that you have reached verdicts.

15  Is that correct?

16        JUROR NO 45:  That is correct, your Honor.

17        THE COURT:  And have you signed and dated the

18  appropriate forms and left the others blank?

19        JUROR NO 45:  I have, your Honor.

20        THE COURT:  Would you please give all the

21  forms to the bailiff so I can inspect them.

22        I'll ask the Clerk to please read the

23  verdicts.

24        THE CLERK:  Marin County Courts, Superior

25  Court of California.  The People of the State of

26  California versus Defendant, Donald Eugene Radonich,

27  Case No. SC100954A.

28        We the jury in the above-entitled case, find

1  the defendant guilty of a Felony Violation of California

2  Health & Safety Code Section 11383(c)(1), possession of

3  Ephedrine with intent to manufacture methamphetamine.

4           We the jury in the above-entitled case, find

5  the defendant guilty of a Felony Violation of California

6  Penal Code section 496(a), possessing or receiving

7  stolen property.

8           Foreperson (Juror No. 45), date 8/20/98.

9           THE COURT:  Are those your verdicts, Juror

10 No. 45?

11          JUROR NO 45:  Yes, they are, your Honor.

12          THE COURT:  Do you wish to have the jury

13 polled?

14          MS. MARMOR:  Yes.  Thank you.

15          THE COURT:  Will it be satisfactory to poll

16 the jury on both counts at the same time?

17          MS. MARMOR:  Yes.

18          THE COURT:  As in, "Are those your verdicts?"

19          MS. MARMOR:  Yes.

20          THE COURT:  The Clerk will poll the jury.

21          THE CLERK:  (Juror No. 76), are these your

22 verdicts?

23          JUROR NO. 76:  Yes, they are.

24          THE CLERK:  (Juror No. 45), are these your

25 verdicts?

26          JUROR NO 45:  Yes, they are.

27          THE CLERK:  (Juror No. 35), are these your

28 verdicts?

E X H I B I T .  " B "

594

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___MARIN___
BRANCH ___

COURT I.D. ___21___

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: DONALD EUGENE RADONICH
AKA:

[X] PRESENT    [ ] NOT PRESENT

CASE NUMBER (S)
SC100954A · A
· B
· C
· D
· E

FILED

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT [ ]

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 12-18-98 | D | John Stephen Graham | B. Lucchesi |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Margaret Collins | Girard Courteau | Bonita Marmor | Steve Shapiro |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):
[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ___ (NUMBER OF PAGES) ___

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11383 | Poss of Substan with intent to manufacture cont substance | 98 | 8 | 20 | 98 | X | U | (1170.12(a)) | | | 1 | 2 |
| 2 | PC | 496(a) | poss of stolen property | 98 | 8 | 20 | 98 | X | U | | | | 1 | 4 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL, STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS 11370.2(b)3) | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE.

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS
Register pursuant to 11590
Pay restitution pursuant to
1202.4 in the amount of $3,200.00

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

| 7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.) | 16 | 4 |
|---|---|---|

8. TOTAL TERM IMPOSED:

9. EXECUTION OF SENTENCE IMPOSED:
A. [X] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. [ ] OTHER ___

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 12-18-98 | CREDIT FOR TIME SPENT IN CUSTODY 455 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 305 | LOCAL CONDUCT CREDITS 150 | STATE INSTITUTIONS [ ] DMH | [ ] COC |
|---|---|---|---|---|---|---|

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS.
[ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF. MEDICAL FACILITY – VACAVILLE
[X] SAN QUENTIN
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC. INST.
[ ] OTHER (SPECIFY):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE _Beverly Lucchesi_ | DATE 12-23-98 |
|---|---|

This form is prescribed under Penal Code § 1213 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

Pen.C. 1213.5

Form Adopted by the Judicial Council of California
Effective April 1, 1990

DISTRIBUTION:    PINK COPY - COURT FILE        YELLOW COPY - DEPARTMENT OF CORRECTIONS        WHITE COPY - ADMINISTRATIVE OFFICE OF THE COURTS

```
J2411H1                    SUPERIOR COURT CRIMINAL              12/21/98
MARIN CJIS              IN AND FOR THE COUNTY OF MARIN            14:40
ORGANIZATION: SC
```

CASE NO. SC100954 A      DATE: 12/18/98      TIME: 09:00 AM      DEPT.: D

PEOPLE VS. RADONICH, DONALD EUGENE JR
BOOKED AS:

JUDGE:   JOHN S GRAHAM, JUDGE           CLERK:   MS LUCCHESI
REPORTER: MARGARET COLLINS              BAILIFF:

NATURE OF PROCEEDINGS: REPORT AND JUDGMENT

CHARGES: 1. HS 11383(C)(1) W/PC 1203(E)(4):F4 W/HS 11370(A)(C) W/PC 1170.12
            (A) W/HS 11370.2(B)
         2. PC 496(A) W/PC 1170.12(A)

DEPUTY DISTRICT ATTORNEY AL DAIR AND GIRARD COURTEAU
     APPEARED.

DEFENDANT APPEARED WITH DEPUTY PUBLIC DEFENDER MARMOR.

DEPUTY PROBATION OFFICER STEVEN SHAPIRO APPEARED.

DEFENDANT IN CUSTODY ON THIS CASE.

PROBATION REPORT READ, CONSIDERED, AND FILED.

MOTION FOR NEW TRIAL ARGUED AND SUBMITTED.

MOTION OF NEW TRIAL FOR/TO DEFENDANT IS DENIED.

MOTION TO STRIKE PRIOR ARGUED AND SUBMITTED.

MOTION OF STRIKE PRIOR FOR/TO DEFENDANT IS DENIED.

DEFENDANT WAIVES TIME FOR SENTENCING.

DEFENDANT STATES THERE IS NO LEGAL CAUSE WHY JUDGMENT
     SHOULD NOT BE PRONOUNCED.

DEFENDANT, DEFENDANT'S COUNSEL, MS.NORMAN, MRS.
     RADONICH, DEFENDANT'S MOTHER ALL ADDRESS THE COURT.

DEPUTY DISTRICT ATTORNEY ADDRESS THE COURT.


     REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION  PAGE  1

FILED

DEC 18 1998

JOHN P. MONTGOMERY
Court Executive Officer
MARIN COUNTY COURTS
By: Lucchesi Deputy

CASE NO. SC100954 A      DATE: 12/18/98      TIME: 09:00 AM      DEPT.: D
PEOPLE VS. RADONICH, DONALD EUGENE JR

THE COURT MAKES THE FOLLOWING FINDINGS AND/OR ORDERS:

PROBATION IS DENIED.

AS TO COUNT 1, CIRCUMSTANCES WARRANT AGGRAVATED TERM.

DEFENDANT COMMITTED TO STATE PRISON FOR 12 YEARS.

AS TO COUNT 2, CIRCUMSTANCES WARRANT AGGRAVATED TERM.

DEFENDANT COMMITTED TO STATE PRISON FOR 6 YEARS.

AS TO COUNT 2, PURSUANT TO PC 1170.1, 56 MONTH(S)
      STAYED, 16 MONTH(S) IMPOSED.

THE TOTAL AGGREGATE SENTENCE IMPOSED IS 16 YEAR(S), 4
      MONTH(S), 0 DAYS IN THE STATE PRISON.

PLUS ENHANCEMENT FOR ALLEGATION NUMBER 5 AS TO COUNT 1
      PURSUANT TO HS 11370.2(B) OF 3 YEAR(S), IMPOSED.

DEFENDANT TO RECEIVE CREDIT FOR TIME SERVED: 305 PLUS
      150 GOOD/WORK, FOR A TOTAL OF 455 DAYS.

DEFENDANT IS ADVISED OF PAROLE.

DEFENDANT IS ADVISED OF PAROLE CONSEQUENCES.

DEFENDANT IS ADVISED OF APPEAL RIGHTS.

DEFENDANT TO REGISTER AS REQUIRED PURSUANT TO HS 11590
      AS A NARCOTICS OFFENDER.

DEFENDANT TO PAY RESTITUTION FINE IN THE AMOUNT OF
      $3,200.00 PURSUANT TO PC1202.4.

ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.

ENTERED ON CJIS BY BL, DATE 12/21/1998.

REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION   PAGE   2

CASE NO. SC100954 A        DATE: 12/18/98        TIME: 09:00 AM        DEPT.: D
PEOPLE VS. RADONICH, DONALD EUGENE JR

JOHN S GRAHAM, JUDGE

REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION    PAGE    3

EXHAUSTION OF STATE REMEDIES

FILED

APR 19 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: M. Murphy, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN THE MATTER OF )
)
Donald Eugene Radonich, Jr. )
)
          P-23442 )  Case No.: SC152354A
)
Petitioner, )  ORDER DENYING PETITION
)  FOR WRIT OF HABEAS CORPUS
FOR WRIT OF HABEAS CORPUS. )
)

      The petition for writ of *habeas corpus* is denied. The Petition does not state facts
demonstrating a prima facie basis for relief in *habeas corpus*.

      Dated: April 19, 2007

                             JOHN S. GRAHAM
                             Judge of the Superior Court

Cc: Petitioner
    Warden
    Attorney General

-1-

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

COPY

**FILED**

MAY 1 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By_____
DEPUTY

| | |
|---|---|
| In re DONALD EUGENE RADONICH, JR., <br><br> on Habeas Corpus. | A117597 <br><br> (Marin County Super. Court No. SC152354A) |

The Court:[*]

On May 3, 2007 petitioner Donald Radonich filed an "Appeal from the Judgment of the Superior Court of the State of California or the County of Marin." That document challenges the Marin County Superior Court's April 19, 2007 "Order for Denying Petition for Writ of Habeas Corpus." Because the proper mechanism to seek further judicial review of the issues raised in petitioner's superior court petition is to file a petition for a writ of habeas corpus in this court, we now construe petitioner's "Appeal" as a petition for habeas corpus.

The petition for a writ of habeas corpus is denied.

Dated:  MAY 1 0 2007                    McGUINESS, P.J. P.J.

_____

[*]  McGuiness, P.J., Pollak, J., & Siggins, J.

Court of Appeal, First Appellate District, Div. 3 - No. A117597
**S152936**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re DONALD EUGENE RADONICH on Habeas Corpus

---

The petition for review is denied.

Corrigan, J., was recused and did not participate.

SUPREME COURT
**FILED**

JUN 2 7 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice

Case # (if applicable): _____          _____ 7-16 ____, 200 7

To:     **CLERK OF THE COURT**
        [ ] SUPERIOR COURT
        [ ] COURT OF APPEAL
        [ ] CALIFORNIA SUPREME COURT

        [X] FEDERAL DISTRICT COURT
        [ ] FEDERAL COURT OF APPEAL
        [ ] U.S. SUPREME COURT

From:   Donald Radowich          CDC # P-23442
        California State Prison - Solano
        Housing: 15 I 1 Lo
        P.O. Box 4000
        Vacaville, California 95696-4000

Re:     [X] PETITION FOR WRIT OF HABEAS CORPUS
        [ ] PETITION FOR REHEARING/RECONSIDERATION
        [ ] PETITION FOR REVIEW
        [ ] BRIEF ON APPEAL
        [ ] MOTION TO COURT

Case:   [X] IN RE Donald Radowich
        [ ] PEOPLE v. _____
        [ ] OTHER: _____

Dear Clerk:

   I am presently incarcerated at the California State Prison - Solano, in Vacaville. Due to my incarceration, indigency or minimal funds, and the current policy of the California Department of Corrections as stated in Deputy Director Memorandum 15/04, I cannot provide the required number of copies as required by the Rules of Court.

   Therefore, I must respectfully request that the court make the required additional copies and to serve any required copies on other parties as necessary.

   Furthermore, please send a conformed copy of the documents back to me as a receipt of filing. I apologize for any inconvenience that this may have caused.

                                        Respectfully submitted,

                                        Don Radowich