1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  GREGORY A. OTT
   Deputy Attorney General
6  State Bar No. 160803
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA 94102-7004
      Telephone: (415) 703-5964
8  Fax: (415) 703-1234
      Email:  gregory.ott@doj.ca.gov
9  Attorneys for Respondent

10

11                  IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14  **DONALD EUGENE RANDONICH,**                    C 07-3730 RMW (PR)

15                                Petitioner,    **MOTION TO DISMISS PETITION
                                                FOR WRIT OF HABEAS CORPUS
16            **v.**                              AS UNTIMELY**

17  **D.K. SISTO, Warden,**

18                                Respondent.

19

20          California state prisoner Donald Eugene Randonich[1] ("petitioner") has filed a petition for

21  writ of habeas corpus in this Court pursuant to 28 U.S.C. §§ 2241 & 2254(d).  Respondent hereby

22  moves this Court for an order dismissing the petition on the ground that it is untimely.  *See* 28

23  U.S.C. § 2444(d)(1).  A motion to dismiss in lieu of a an answer on the merits is appropriate where

24  the petition is procedurally defective.  *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989);

25  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases,

26

27  _____

28          1. Petitioner's surname appears in some documents as "Radonich."  *E.g.*, Exh. A.  Petitioner
    himself has used both spellings.  *See*, *e.g.*, Exh. E; Petition at 1.

1  Rule 4 and Advisory Committee Notes.  Respondent has not noticed this motion for hearing as

2  petitioner is in custody and not represented by counsel.

3  **PROCEDURAL HISTORY**

4       On August 20, 1998, a Marin County Superior Court jury convicted petitioner of

5  possession of ephedrine with intent to manufacture methamphetamine and receiving stolen property.

6  Exh. A at 1; *see* Cal. Health & Safety Code § 11383(c); Cal. Penal Code § 496.  The trial court

7  found petitioner had one "strike" prior conviction and one prior felony drug conviction.  Exh. A at

8  1; *see* Cal. Health & Safety Code § 11370.2(b); Cal. Penal Code § 1170.12.  Petitioner was

9  sentenced to sixteen years and four months in prison.  Exh. A at 1; Petition Exhs. A-B.

10       April 12, 2002, the California Court of Appeal affirmed petitioner's judgment in an

11  unpublished decision.  Exh. A.  The California Supreme Court denied review on June 19, 2002.

12  Exh. B.

13       On March 5, 2007, petitioner filed a petition for writ of habeas corpus in Marin County

14  Superior Court.  Exh. C.  That court denied the petition on April 19, 2007.  Exh. C.

15       On May 3, 2007, petitioner filed a petition for writ of habeas corpus in the California

16  Court of Appeal.  Exh. D.  That court denied the petition on May 10, 2007.  Exh. D.

17       On May 23, 2007, petitioner filed a petition for review of the court of appeal's denial of

18  his petition for writ of habeas corpus.  Exh. E.  The California Supreme Court denied the review

19  petition on June 27, 2007.  Exh. E.

20       On or after July 16, 2007, petitioner constructively filed the instant petition by delivering

21  to prison authorities for mailing to this Court.  *See* Petition at 16.  The petition was filed in fact on

22  July 19, 2007.

23  **ARGUMENT**

24       The petition was filed beyond the one-year statute of limitations.  It must be dismissed.

25       Petitioner's 28 U.S.C. § 2254 petition is governed by the Antiterrorism and Effective

26  Death Penalty Act of 1996, which imposes a one-year statute of limitations on the filing of federal

27  habeas petitions.  28 U.S.C. § 2244(d)(1).  Here, the limitations period commenced against petitioner

28  on September 17, 2002, ninety days after the California Supreme Court denied review, when the

1  time for filing a petition for certiorari expired. The limitations period expired a year later, on

2  September 17, 2003. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Sup. Ct. R. 13. As

3  petitioner filed the instant petition in 2007, it is untimely by several years. Although petitioner

4  commenced collateral review in state court in 2007 by filing a series of habeas petitions, those

5  filings did not toll the statute of limitations, as the limitations period had already expired years

6  earlier. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003);

7  Exhs. C-E.

8       Petitioner may rejoin that his claim relies upon a right "newly recognized by the Supreme

9  Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2244(d)(1)(C),

10  and thus that the limitations period did not commence against him until much later than 2002.

11  Specifically, petitioner claims he improperly received an upper/aggravated term on his two

12  convictions, and cites, inter alia, *Cunningham v. California*, 549 U.S. 270 (2007), *Blakely v.*

13  *Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petition at 7-

14  10.

15       Petitioner cannot invoke section 2244(d)(1)(C). The Supreme Court has not made

16  *Cunningham* retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

17  Although the Ninth Circuit in *Butler v. Curry*, __ F.3d __, 2008 U.S. App. LEXIS 12324 (9th Cir.

18  June 9, 2008), recently applied *Cunningham* retroactively, it did so only as far as the 2004 issuance

19  of *Blakely v. Washington*, 542 U.S. 296. The *Butler* court did not, in other words, find *Cunningham*

20  retroactive beyond 2004. As indicated, petitioner's judgment became final in 2002.

21       Petitioner similarly cannot rely on *Blakely v. Washington*, 542 U.S. 296 for a delayed

22  commencement of the limitations period. *Blakely* does not apply retroactively to cases that became

23  final its 2004 issuance. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005); *see also United*

24  *States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (holding that *United States v. Booker*, 543 U.S.

25  220 (2005), does not apply retroactively to cases on collateral review).

26       Last, petitioner cannot rely on *Apprendi v. New Jersey*, 530 U.S. 466, to invoke §

27  2244(d)(1)(C), for the simple reason that it issued in 2000, *before* petitioner's conviction became

28  final. Thus, as to *Apprendi*, even if, arguendo, it could be used to support petitioner's claim,

Mtn. To Dismiss Pet. For Writ Of Habeas Corpus As Untimely—*Randonich v. Sisto*, No. C 07-3730 RMW (PR)

1    petitioner allowed the limitations period to lapse before raising claim based on it.

2         In summary, petitioner filed the instant petition several years after the expiration of the

3    statute of limitations.  The petition accordingly must be dismissed with prejudice as untimely.  *See*

4    28 U.S.C. § 2244(d)(1).

5    **CONCLUSION**

6         Accordingly, for the reasons stated, respondent respectfully requests that the petition for

7    writ of habeas corpus be dismissed with prejudice as untimely.

8         Dated:  June 30, 2008

9              Respectfully submitted,

10              EDMUND G. BROWN JR.
      Attorney General of the State of California

11              DANE R. GILLETTE
      Chief Assistant Attorney General

12

13              GERALD A. ENGLER
      Senior Assistant Attorney General

14              PEGGY S. RUFFRA
      Supervising Deputy Attorney General

15

16              /s/ Gregory A. Ott
      GREGORY A. OTT

17              Deputy Attorney General

18              Attorneys for Respondent

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:     **Randonich v. Sisto, Warden**

No.:     **C 07-3730 RMW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On June 30, 2008, I served the attached

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Donald Eugene Radonich
P-23442
California State Prison-Solano
15  I  1LO
P.O. Box 4000
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 30, 2008, at San Francisco, California.

| M. Argarin | /s/ M. Argarin |
|:---:|:---:|
| Declarant | Signature |

20119055.wpd