# EXHIBIT A

**COPY**

DOCKETED
SAN FRANCISCO

APR 12 2002

By        MANZANA
No. SF1999DA0481

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

Court of Appeal-First App. Dist.

APR 12 2002

RON D. BARROW, CLERK
BY_____
                          DEPUTY

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | A085623 |
| v. | |
| DONALD EUGENE RADONICH, | (Marin County |
|     Defendant and Appellant. |   Super. Ct. No. SC100954) |

A jury found Donald Eugene Radonich guilty of possessing ephedrine with the intent to manufacture methamphetamine and receiving stolen property. The trial court found Radonich had suffered a prior serious felony assault conviction under the "Three Strikes" law, and a prior felony drug conviction. After denying Radonich's request to strike the prior serious felony conviction, the court sentenced Radonich to a total term of sixteen years and four months. On appeal, Radonich argues the trial court improperly admitted certain evidence regarding a methamphetamine operation at the home of his acquaintances. Additionally, Radonich contends the trial court's findings of prior convictions must be stricken because (1) he did not waive his right to a jury trial on the felony drug conviction; and (2) the evidence was insufficient to establish he had committed a serious felony by personally using a firearm during the assault. We affirm the judgment.

**FACTS**

On February 17, 1998, the police stopped Radonich's car for speeding. After learning Radonich was on probation with search conditions, the police searched the car. On the floor behind the driver's seat, the police found an opaque plastic Sears shopping bag. The bag contained a clear zip-lock baggie of white crystalline powder weighing two

*B*

pounds. The powder was later identified as containing ephedrine, a substance used to manufacture methamphetamine. The police were not able to identify any fingerprints on the bags. Inside the car trunk, the police found a bottle of isopropyl alcohol, which is sometimes used in the manufacture of methamphetamine.

The police also found a stolen credit card in Radonich's wallet. This credit card belonged to the former owners of a house in Santa Cruz, then occupied by Radonich's acquaintances. One week before Radonich's arrest, the police had arrested one of Radonich's acquaintances and searched the Santa Cruz house. The police found evidence that methamphetamine was being manufactured there, including bottles of methamphetamine, glassware, and two large half pound bags of white powder containing ephedrine, similar to the bag and substance found in Radonich's car. The police also found an address book listing Radonich's name next to a telephone number, but they found no evidence of Radonich's fingerprints at the house.

A Department of Justice witness with extensive training in investigating methamphetamine laboratories testified that in his experience, there was no legitimate use for the ephedrine in the form and weight found in Radonich's car, and there was no record that Radonich had the required state permit to possess ephedrine, a controlled substance. The witness further testified that given the state regulations regarding ephedrine and the weight of the substance found in Radonich's car, the ephedrine was possessed with the intent to manufacture methamphetamine. The People also presented evidence regarding Radonich's history of using methamphetamine and possessing drug paraphernalia and methamphetamine for sale.

Rebecca Schrank, the registered owner of the car, testified for the defense. She admitted that she was a past drug user, having once been arrested for possession of methamphetamine, and that she had been convicted of credit card fraud and burglary. Schrank claimed that her boyfriend had purchased the car and she did not know the car had been registered in her name. When she found out the car had been registered in her name, she told her boyfriend that she did not want the car in her name, that it was illegal, and that she did not want any part of it. Schrank's boyfriend told her he was going to

2

remove her name, and that the car had been sold to Radonich. Schrank subsequently saw Radonich driving the car, and she believed that Radonich had the car for about three weeks. She did not know that the car was still registered in her name until the police notified her that the car had been impounded after Radonich's arrest. At the time Schrank's boyfriend purchased the car he used drugs, but Schrank had never seen him in possession of ephedrine.

## DISCUSSION

*1.    Evidence of Methamphetamine Operation At Home of Radonich's Acquaintances Was Properly Admitted*

Radonich challenges the admission of evidence of the methamphetamine operation at the Santa Cruz home of his acquaintances, specifically noting the officers' testimony regarding their observations during a search of the house. At trial, the People sought a pretrial ruling on the admissibility of the evidence, arguing that such evidence was relevant to prove Radonich's knowledge, intent and motive, and to rebut his proposed defense that he did not know the ephedrine was in the car, which was registered to a convicted drug user, and that even if he possessed the ephedrine, he did not know the nature of the substance and he did not intend to manufacture methamphetamine. Over Radonich's objections that such evidence was irrelevant and its admission would be unduly prejudicial and time-consuming, the trial court ruled the proposed evidence was admissible to show Radonich's "knowledge or motive or both and that the probative value . . . , in view of . . . [the] other evidence in the case, vastly outweigh[ed] any prejudice." Additionally, because of the proposed defense, the trial court believed "it would be entirely unjust and unfair to preclude [the prosecutor] from demonstrating some of [Radonich's] history with methamphetamine and ephedrine, which is used in the manufacturing of methamphetamine."

On appeal, Radonich renews his objections to the police officers' testimony regarding their recovery of ephedrine, methamphetamine, glassware, acetone and other chemicals, and other items, evidencing the running of a methamphetamine operation at the Santa Cruz house. He specifically argues that the police officers' observations were

inadmissible under section 1101, subdivision (a) of the Evidence Code,[1] and even if

admissible, the evidence was unduly prejudicial warranting exclusion under section 352.[2]

Section 1101, subdivision (a), renders inadmissible evidence of a person's

character "when offered to prove his or her conduct on a specified occasion."

Notwithstanding subdivision (a)'s limitation, subdivision (b) of section 1101 allows

"evidence that a person committed a crime, civil wrong, or other act when relevant to

prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge,

identity, [or] absence of mistake or accident . . . ) other than his or her disposition to

commit such an act." Section 352, however, permits the court in its discretion to exclude

any evidence "if its probative value is substantially outweighed by the probability that its

admission will . . . create substantial danger of undue prejudice." "[T]he trial court

enjoys broad discretion in assessing whether the probative value of particular evidence is

outweighed by concerns of undue prejudice . . . . [Citation.]" (*People v. Rodrigues*

(1994) 8 Cal.4th 1060, 1124.) A trial court's "exercise of that discretion 'must not be

disturbed on appeal *except* on a showing that the court exercised its discretion in an

arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of

justice. [Citations.]' [Citation.]" (*Ibid.*)

Contrary to Radonich's contention, the challenged police testimony "is different

than the 'criminal propensity' character evidence prohibited by . . . section 1101,

subdivision (a)." (*People v. Dominguez* (1981) 121 Cal.App.3d 481, 498, fn. 20.) The

evidence was not introduced to show that Radonich was guilty because he associated

with methamphetamine manufacturers. Rather, the trial court could properly find that

such testimony was relevant on the issues of Radonich's knowing possession and his

---

[1]    Further unspecified statutory references are to the Evidence Code.

[2]    Radonich does not argue, as he did at trial, that the admission of the police officers' testimony was unduly time-consuming. We note the trial court addressed Radonich's concern by (1) requiring the prosecutor to indicate for each proposed witness the nature and relevancy of their testimony regarding the search at the Santa Cruz home of Radonich's acquaintances, and

intent. (*Ibid.;* see *People v. Garceau* (1993) 6 Cal.4th 140, 177.) Moreover, "[e]vidence having a tendency to prove motive . . . to commit the particular crime charged is admissible to assist in resolving a doubt as to the identity of the perpetrator, no matter how that evidence may reflect on the defendant and even when it may show that he has committed other offenses. [Citations.]" (*People v. Morales* (1979) 88 Cal.App.3d 259, 263-264 [in drug possession case where defendant claimed another person had motive to possess drugs because of latter's drug use, People entitled to present evidence defendant had more compelling motive of financial gain].) Here, Radonich's defense was based in part on the theory that either the registered owner of the car, or her boyfriend, was the likely perpetrator of the crime. The People were therefore entitled to rebut that defense by evidence tending to show that Radonich had a more likely reason for possessing the ephedrine because of his connection with a methamphetamine operation.

Additionally, the trial court could properly find that the probative value of the challenged evidence outweighed its prejudicial effect. Radonich's argument that the police officers' testimony did not establish he was in any way connected with his acquaintances' residence or their illegal activities is not relevant. The People were entitled to present evidence tending to establish Radonich's connection to a methamphetamine operation. It was "for the jury" to consider whether the evidence, including the police officers' observations, tended to establish "a motive" for Radonich's possession of the ephedrine, or that Radonich knowingly possessed the ephedrine with an intent to manufacture methamphetamine. (*People v. Morales, supra*, 88 Cal.App.3d at p. 264.)

Radonich's related argument that he was denied his constitutional right to due process because the evidence might have caused the jurors to find him "guilty by association" is unpersuasive. The trial court expressly instructed the jury that whether in fact there was a methamphetamine operation at the Santa Cruz house "has . . . collateral

---

(2) admonishing the prosecutor to "make it quick" when questioning the witnesses so that the trial would not turn into a trial concerning Radonich's acquaintances.

relevance here. [¶] Nobody is accusing the defendant of maintaining a lab at that location. This evidence has some possible relevance, depending upon what you think of it ultimately, on the subject[s] such as knowledge or intent." In its final instructions to the jury, the court stated that any evidence regarding other crimes Radonich may have committed was not to be considered by the jury to prove that Radonich was a person of bad character or that he was disposed to commit the crimes. The jury was to consider any other crimes evidence for the limited purpose, and for no other purpose, than determining if it tended to show: (1) the existence of Radonich's intent; (2) that he had knowledge of the nature of the substance found in the car; and (3) he knowingly possessed the substance. That the jury asked for a "definition" of "intent to manufacture" does not establish the jury used the challenged evidence for an improper purpose.

2.    *Trial Court's Findings On The Prior Conviction Allegations Do Not Require Reversal*

    A. *Prior Felony Drug Conviction*

Radonich argues that the trial court's finding he had a prior felony drug conviction must be stricken because he did not waive his right to a jury trial on the issue. We conclude this issue is not properly raised on appeal and in any event, in the absence of prejudice, the failure of the trial court to obtain a waiver of a jury trial does not require dismissal of the allegation.

The defendant has the obligation to pursue his right to a jury trial on prior conviction allegations and to alert the court to the lack of a waiver so that the prior conviction allegations can be tried before a jury. (*People v. Vera* (1997) 15 Cal.4th 269, 275-276.) Concededly, the record shows that before trial, the court obtained Radonich's waiver of a jury trial on the prior serious felony conviction, but failed to obtain a jury trial waiver regarding the prior felony drug conviction. However, Radonich failed to object to the discharge of the jury after they rendered their verdict on the substantive offenses. Subsequently, the trial court, defense counsel and prosecutor each stated they could not recall whether Radonich had waived his right to a jury trial on the prior felony drug conviction. Defense counsel asked the court to make some inquiry of the court reporter

to determine whether the waiver taken prior to the commencement of trial covered the prior felony drug conviction. The court agreed, stating it would "certainly look at that. We may have time between now and sentencing to get that." The prosecutor then presented certified records regarding Radonich's prior convictions. The court ruled that both prior conviction allegations were true "subject to our review of the record to make sure that" Radonich waived his right to a jury trial on the prior felony drug conviction. At no time thereafter did defense counsel seek confirmation from the trial court that Radonich had waived his right to a jury trial. Nor did defense counsel request a jury trial on the prior felony drug conviction in any post-trial motions or subsequent court proceedings. Had defense counsel pursued the issue, the error would have been discovered and the trial court could have impaneled a second jury to try the prior felony drug conviction. (*Id.* at p. 276.) Thus, we conclude Radonich is precluded from arguing for the first time on appeal that the trial court erred in failing to conduct a jury trial on the prior felony drug conviction. Nevertheless, in order to forestall any claim of ineffective assistance of trial counsel, we address Radonich's substantive arguments.

Our Supreme Court has held that a trial court's failure to obtain a defendant's waiver of a jury trial on a prior conviction allegation is subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) Here, the People submitted certified documents of a 1996 felony conviction for possession of methamphetamine for sale, which were sufficient to support the trial court's finding that Radonich had a prior felony drug conviction. Radonich has made no showing that it is " 'reasonably probable' " that a result more favorable to him would have been reached if a jury had resolved the issue of whether he had a prior felony drug conviction. (*People v. Epps, supra,* 25 Cal.4th at p. 29, quoting *People v. Watson, supra,* 46 Cal.2d at p. 836.) The *Epps* court specifically rejected Radonich's argument that "the better view" is that the denial of a jury trial of a prior conviction allegation requires reversal even though the defendant has not shown any prejudice. (*Id.* at p. 29.) Because we conclude Radonich is not entitled to any relief, we need not consider his argument that double jeopardy bars the prosecutor from retrying the prior conviction allegation

7

under *Apprendi v. New Jersey* (2000) 530 U.S. 466, which contention we note has been rejected by the Second District Court of Appeal in *Cherry v. Superior Court* (2001) 86 Cal.App.4th 1296, 1301-1303.

### B. Prior Serious Felony Conviction

Radonich contends that the People's documentary evidence failed to establish that his prior conviction for assault arose from his personal use of a firearm during the commission of the offense. We disagree.

At sentencing, the People submitted certified copies of the following documents: (1) a complaint filed March 22, 1996 charging Radonich, in relevant part, with two counts of assault with a firearm under Penal Code section 245, subdivision (a)(2), and related allegations of his personal use of the firearm under Penal Code section 12022.5, subdivision (a); and (2) an April 8, 1996 minute order, indicating in relevant part that Radonich pleaded guilty to count one, an assault count, and he admitted "enhancement allegation PF -12022.5(a)PC as to Ct. 1"; the other assault count was dismissed; and the court advised Radonich that his plea would result in a strike conviction. Contrary to Radonich's contention and as noted by the People, the April 8, 1996 minute order does reflect that Radonich admitted the personal use of a firearm allegation. Thus, the documentary evidence was sufficient to establish that the assault was a serious felony, qualifying the conviction as a strike under the Three Strikes law. (*People v. Harrell* (1989) 207 Cal.App.3d 1439, 1443-1444.)

/ / /

/ / /

/ / /

8

# DISPOSITION

The judgment is affirmed.

_____
Parrilli, J.

We concur:

_____
McGuiness, P. J.

_____
Corrigan, J.

*People v. Donald Eugene Radonich*, A085623

9

# EXHIBIT B

# CALIFORNIA APPELLATE COURTS

### Case Information



Supreme Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## Supreme Court

Court data last updated: 06/03/2008 02:53 PM

**Case Summary**   **Docket**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Lower Court**

Change court ☑

## Docket (Register of Actions)

**PEOPLE v. RADONICH**
**Case Number S106624**

| Date | Description | Notes |
|------|-------------|-------|
| 05/14/2002 | Petition for review filed | by counsel for Appellant Donald Eugene Radonich |
| 05/14/2002 | Record requested | |
| 05/15/2002 | Received Court of Appeal record | |
| 06/19/2002 | Petition for review denied | Kennard, J., was absent and did not participate. |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT C

FILED

APR 1 9 2007

KIM TURNER
Clerk, Court Officer
MARIN COUNTY SUPERIOR COURT
By M Murphy Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN THE MATTER OF )
)
Donald Eugene Radonich, Jr. )
)
P-23442 )     Case No.:  SC152354A
)
Petitioner, )     ORDER DENYING PETITION
)     FOR WRIT OF HABEAS CORPUS
FOR WRIT OF HABEAS CORPUS. )
)

 

The petition for writ of *habeas corpus* is denied.  The Petition does not state facts

demonstrating a prima facie basis for relief in *habeas corpus*.

 

Dated:  April 19, 2007

JOHN S. GRAHAM
Judge of the Superior Court

Cc:  Petitioner
     Warden
     Attorney General

-1-

MC-275

Name  Donald E Radonich

Address  CSP-SOLANO  15-T1-Lo

_____P.O.Box 4000_____

_____Vacaville CA,95696-4000_____

CDC or ID Number _ P-23442_____

# FILED

MAR - 5 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: Andre Anderson, Deputy

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF MARIN

(Court)

DONALD EUGENE RADONICH JR.

Petitioner

vs.

D.K.SISTO,

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _*SC152354A*_

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

Page one of six

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

| | | | |
|---|---|---|---|
| ☐ | A conviction | ☐ | Parole |
| ☒ | A sentence | ☐ | Credits |
| ☐ | Jail or prison conditions | ☐ | Prison discipline |
| ☐ | Other *(specify):* _____ | | |

1. Your name:   DONALD EUGENE RADONICH JR

2. Where are you incarcerated?   CALIFORNIA STATE PRISON-SOLANO

3. Why are you in custody?   ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a.  State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Possession of Ephedrine with intent to manufacture, Possession of stolen property

   H&S Enhancement

   b.  Penal or other code sections:   11383-(c)(1) 496(a) 11370.2(b)(3)

   c.  Name and location of sentencing or committing court:   Superior Court for the County of Marin

   d.  Case number:   SC100954A

   e.  Date convicted or committed:   Arrested feb.16.1998

   f.  Date sentenced:  Dec.18,1998

   g.  Length of sentence:   18 years and 8 months

   h.  When do you expect to be released?  12-28-2012

   i.  Were you represented by counsel in the trial court?   ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

      Bonita Marmor

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SEE ATTACHED

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

SEE ATTACHED

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED

MC-275 [Rev. July 1, 2005]              **PETITION FOR WRIT OF HABEAS CORPUS**                    Page three of six

7. **Ground 2 or Ground _____** *(if applicable):*

SEE ATTACHED

a. Supporting facts:

SEE ATTACHED

b. Supporting cases, rules, or other authority:

SEE ATTACHED

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.  ☐  No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

   b.  Result  Judgement Affirmed_____  c.  Date of decision:  2000____

   d.  Case number or citation of opinion, if known:  _____

   e.  Issues raised:  (1)  Insufficient Evidence to substantiate conviction_____

         (2)  _____

         (3)  _____

   f.  Were you represented by counsel on appeal?  ☒ Yes.  ☐  No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No.  If yes, give the following information:

   a.  Result  Review Denied_____  b.  Date of decision:  2000_____

   c.  Case number or citation of opinion, if known:  _____

   d.  Issues raised:  (1)  _____

         (2)  _____

         (3)  _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____SEE ATTACHED_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

   b.  Did you seek the highest level of administrative review available?  ☐  Yes.  ☐  No.
     *Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. July 1, 2005)                **PETITION FOR WRIT OF HABEAS CORPUS**                Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  [XX] Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a.  (1) Name of court: California State Supreme

    (2) Nature of proceeding (for example, "habeas corpus petition"):  habeas corpus petition

    (3) Issues raised: (a) Pititioner Contends this case not subject to 85% credit restriction

    (b) _____

    (4) Result (Attach order or explain why unavailable):  pending

    (5) Date of decision: _____

    b.  (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

    (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

    c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

    There has been no delay

16. Are you presently represented by counsel?  ☐ Yes.  [XX] No. If yes, state the attorney's name and address, if known:

    Petitioner request the appointment of counsel

17. Do you have any petition, appeal, or other matter pending in any court?  [XX] Yes.  ☐ No. If yes, explain:

    Superior Court of Santa Cruz; Sentencing Error

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    I feel this is the proper Court to render a decision according to
    precedent case law.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: Feb 27, 2007

▶ _____
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]                **PETITION FOR WRIT OF HABEAS CORPUS**                Page six of six

Donald Eugene Radonich P-23442
CSP Solano 15-I1-L
PO Box 4000
Vacaville, CA. 95696

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

In re Donald Eugene Radonich

On Habeas Corpus

_____/

INTRODUCTION

1.    Petitioner Donald Eugene Radonich, in pro se, is challenging the Judge

imposing the upper term based upon aggravating factors that were not presented

to a jury which violated petitioners Federal Sixth Amendment, and Federal

Due Process.

## II

## PARTIES

2.    Petitioner Donald Eugene Radonich is a prisoner at California State Prison Solano.

3.    Warden D.K. Sisto, is the warden of Salano State Prison and custodian of petitioner.

## III

## STATMENT OF THE CASE

4.    Petitioner was sentenced to the aggravated term of 12 years for violating ct.1 P.C. 11383-(c)(1) also ct.2 P.C. 496 (a) 6 years without presenting any aggravating factors to a jury. See court transcripts (EXHIBITS "A" pg.41;21-28 ;pg.42:3-8) also see report and Judgement and abstract of judgement (EXHIBIT "B").

## IV

## CONTENTIONS

## I

SIXTH AMENDMENT AND DUE PROCESS VIOLATION BY SENTENCING PETITIONER TO THE AGGRAVATING TERM ON FACTORS NOT PRESENTED AND FOUND TRUE BY A JURY.

## II

SENTENCING ERRORS CAN BE FIXED AT ANY TIME

POINTS AND AUTHORITIES

I

SIXTH AMENDMENT AND DUE PROCESS VIOLATION BY SENTENCING PETITIONER TO THE

AGGRAVATED TERM ON FACTORS NOT PRESENTED AND FOUND TRUE BY A JURY.

The United States Supreme Court in Cunningham v. California(2007)549

U.S._____. held a judge cannot find aggravating factors to impose the upper

term, and the jury must find the aggravating factors to impose the high

aggravated term.

In petitioners case the judge did not present the aggravating factors

to a jury. Instead, the judge simply stated "I find that the upper term

is the appropriate term and ordered that petitioner serve 12 years (SEE

EXHIBIT"A") pg.41:21-28, stating in part:

"So on count 1, it's the judgment of the Court, pursuant to the
provisions of 11383 of the Health & Safety Code, and 1170.12 and subsections
of the Penal Code , you are sentenced to the custody of the California
Department of Corrections. And in view of your history, all factors
considered and all arguments considered, I find that the upper term is the
appropriate term, and it's ordered that you are to serve 12 years in the".

Further the judge stated in part;
"And as to Count 2, the Court finds also that the appropriate term
is the upper term; however, under the provision of 1170.1, combined with
496 and 1170.12, the one-thrid of the mid-term is the applicable period
consecutive to the period in Count 1, that's one year four months imposed
and 56 months stayed".(EXHIBIT"A"42:3-8).

Now, the judge is required to impose the middle terms of P.C.

11383-(c)(1) and P.C. 496(a). Since the judge not the jury found aggravating

factors.

II

SENTENCING ERRORS CAN

BE FIXED AT ANYTIME

In this case the judge misinterpeted the rule of court 4.420(a) by by believing he could impose the high aggravated term on factors the jury did not find true. Therefore petitioner must be sentenced to the middle terms for violating P.C. 11383-(c)(1) and P.C. 496(a).

A sentencing error such as a misinterpetation of a statute can be corrected at any time, in re Massengale (1970) 10 Cal.3d 689-693; People v. Serrato (1973) 9 Cal.3d 753-764; People v. Jack (1989) 213 Cal.App.3d 913.

In petitioner's case the judge imposed the upper term in violation of the United States Supreme Courts decision in Cunningham v. California (Jan.22,2007) No.05-6651,__U.S.__,"based upon aggravating factors that were not submitted to a jury and found true beyond a reasonable doubt. Now, the only remedy is to impose the middle terms.

Date: Feb 27, 2007

DONALD E RADONICH

Exhibit "A"

1   believe that's what was going on, and I think the jury

2   was thoroughly correct in coming to that conclusion.

3           And you did it at the time when you had your

4   son and when you had your daughter on the way, and if

5   that's not enough to stimulate you to conform your

6   conduct to some reasonable standard of safety and

7   propriety for the rest of the public, what you have in

8   the world right now is no more likely to do so.

9           So I think pursuant to the standards that are

10  clearly articulated in the Romero and in the Williamson

11  case, I do not have good cause to strike the prior and

12  would be in violation of my authority to do so.

13          Given that circumstance, the rest of it has a

14  certain amount of definiteness and compulsion to it.

15  The law provides that you can't be put on probation. I

16  don't think it would be a good idea anyway, but I can't

17  put you on probation. In view of all of the

18  circumstances, the law says that without some very

19  substantial good reason, which I don't find, I have to

20  send you to prison.

21          So on Count 1, it's the judgment of the Court,

22  pursuant to the provisions of 11383 of the Health &

23  Safety Code, and 1170.12 and subsections of the Penal

24  Code, you are sentenced to the custody of the California

25  Department of Corrections. And in view of your history,

26  all factors considered and all arguments considered, I

27  find that the upper term is the appropriate term, and

28  it's ordered that you are to serve 12 years in the

1    custody of the State of California Department of
2    Corrections...
3            And as to Count 2, the Court finds also that
4    the appropriate term is the upper term; however, under
5    the provisions of 1170.1, combined with 496 and 1170.12,
6    the one-third of the mid-term is the applicable period
7    consecutive to the period in Count 1, that's one year
8    four months imposed and 56 months stayed.
9            And then on the 11370.2(b) allegation,
10   pertinent to the offense of Count 1, there's a
11   three-year aggravation provided under the law that's
12   consecutive to the aggregate sentence is 16 years four
13   months in state prison.
14           Following any period in state prison, you will
15   be placed on parole.  The parole period, I believe,
16   would be three-years.  However, it might be extended
17   because of revocations.
18           You could do four additional years in state
19   prison on revocations.  That would be four separate
20   revocations, consequence one year additional time each
21   as a possibility.
22           There is a requirement that you register as a
23   narcotics offender pursuant to 11590 of the Health &
24   Safety Code.
25           And I'll order that you pay a restitution fine
26   in the amount of $3,200 pursuant to Penal Code Section
27   1202.4.
28           And also you need to be aware that if you want

```
 1   AFTERNOON SESSION                      2:45 O'CLOCK P.M.

 2   ................=ㅇㅇㅇㅇ==.........

 3          THE COURT:  The record will reflect that we've

 4   got all the jurors back .  Both counsel and defendant

 5   are here.  The alternates are not present.

 6          And, Juror No. 45, because I got a note from

 7   you, and because you're carrying something that looks

 8   like the verdict forms and the instruction book, I'm

 9   going to infer that you not only have been elected

10   foreperson but you have not been deposed.  Is that

11   correct?

12          JUROR NO 45:  No.

13          THE COURT:  And the other thing is, the

14   bailiff has informed me that you have reached verdicts.

15   Is that correct?

16          JUROR NO 45:  That is correct, your Honor.

17          THE COURT:  And have you signed and dated the

18   appropriate forms and left the others blank?

19          JUROR NO 45:  I have, your Honor.

20          THE COURT:  Would you please give all the

21   forms to the bailiff so I can inspect them.

22          I'll ask the Clerk to please read the

23   verdicts.

24          THE CLERK:  Marin County Courts, Superior

25   Court of California.  The People of the State of

26   California versus Defendant, Donald Eugene Radonich,

27   Case No. SC100954A.

28          We the jury in the above-entitled case, find
```

1    the defendant guilty of a Felony Violation of California

2    Health & Safety Code Section 11383(c)(1), possession of

3    Ephedrine with intent to manufacture methamphetamine.

4              We the jury in the above-entitled case, find

5    the defendant guilty of a Felony Violation of California

6    Penal Code section 496(a), possessing or receiving

7    stolen property.

8              Foreperson (Juror No. 45), date 8/20/98.

9              THE COURT:  Are those your verdicts, Juror

10    No. 45?

11              JUROR NO 45:  Yes, they are, your Honor.

12              THE COURT:  Do you wish to have the jury

13    polled?

14              MS. MARMOR:  Yes.  Thank you.

15              THE COURT:  Will it be satisfactory to poll

16    the jury on both counts at the same time?

17              MS. MARMOR:  Yes.

18              THE COURT:  As in, "Are those your verdicts?"

19              MS. MARMOR:  Yes.

20              THE COURT:  The Clerk will poll the jury.

21              THE CLERK:  (Juror No. 76), are these your

22    verdicts?

23              JUROR NO. 76:  Yes, they are.

24              THE CLERK:  (Juror No. 45), are these your

25    verdicts?

26              JUROR NO 45:  Yes, they are.

27              THE CLERK:  (Juror No. 35), are these your

28    verdicts?

Exhibit "B"

```
J2411H1                    SUPERIOR COURT CRIMINAL                  12/21/98
MARIN CJIS            IN AND FOR THE COUNTY OF MARIN                  14:40
ORGANIZATION: SC
```

CASE NO. SC100954 A     DATE: 12/18/98      TIME: 09:00 AM     DEPT.: D

PEOPLE VS. RADONICH, DONALD EUGENE JR
BOOKED AS:

JUDGE:    JOHN S GRAHAM, JUDGE          CLERK:    MS LUCCHESI
REPORTER: MARGARET COLLINS              BAILIFF:

NATURE OF PROCEEDINGS: REPORT AND JUDGMENT

CHARGES: 1. HS 11383(C)(1) W/PC 1203(E)(4):F4 W/HS 11370(A)(C) W/PC 1170.12
         (A) W/HS 11370.2(B)
         2. PC 496(A) W/PC 1170.12(A)

DEPUTY DISTRICT ATTORNEY AL DAIR AND GIRARD COURTEAU
    APPEARED.

DEFENDANT APPEARED WITH DEPUTY PUBLIC DEFENDER MARMOR.

DEPUTY PROBATION OFFICER STEVEN SHAPIRO APPEARED.

DEFENDANT IN CUSTODY ON THIS CASE.

PROBATION REPORT READ, CONSIDERED, AND FILED.

MOTION FOR NEW TRIAL ARGUED AND SUBMITTED.

MOTION OF NEW TRIAL FOR/TO DEFENDANT IS DENIED.

MOTION TO STRIKE PRIOR ARGUED AND SUBMITTED.

MOTION OF STRIKE PRIOR FOR/TO DEFENDANT IS DENIED.

DEFENDANT WAIVES TIME FOR SENTENCING.

DEFENDANT STATES THERE IS NO LEGAL CAUSE WHY JUDGMENT
    SHOULD NOT BE PRONOUNCED.

DEFENDANT, DEFENDANT'S COUNSEL, MS.NORMAN, MRS.
    RADONICH, DEFENDANT'S MOTHER ALL ADDRESS THE COURT.

DEPUTY DISTRICT ATTORNEY ADDRESS THE COURT.


    REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION  PAGE  1

FILED

DEC 1 8 1998

JOHN P. MONTGOMERY
Court Executive Officer
MARIN COUNTY COURTS
By: _____ Deputy

CASE NO. SC100954 A        DATE: 12/18/98        TIME: 09:00 AM        DEPT.: D
PEOPLE VS. RADONICH, DONALD EUGENE JR

THE COURT MAKES THE FOLLOWING FINDINGS AND/OR ORDERS:

PROBATION IS DENIED.

AS TO COUNT 1, CIRCUMSTANCES WARRANT AGGRAVATED TERM.

DEFENDANT COMMITTED TO STATE PRISON FOR 12 YEARS.

AS TO COUNT 2, CIRCUMSTANCES WARRANT AGGRAVATED TERM.

DEFENDANT COMMITTED TO STATE PRISON FOR 6 YEARS.

AS TO COUNT 2, PURSUANT TO PC 1170.1, 56 MONTH(S)
     STAYED, 16 MONTH(S) IMPOSED.

THE TOTAL AGGREGATE SENTENCE IMPOSED IS 16 YEAR(S), 4
     MONTH(S), 0 DAYS IN THE STATE PRISON.

PLUS ENHANCEMENT FOR ALLEGATION NUMBER 5 AS TO COUNT 1
     PURSUANT TO HS 11370.2(B) OF 3 YEAR(S), IMPOSED.

DEFENDANT TO RECEIVE CREDIT FOR TIME SERVED: 305 PLUS
     150 GOOD/WORK, FOR A TOTAL OF 455 DAYS.

DEFENDANT IS ADVISED OF PAROLE.

DEFENDANT IS ADVISED OF PAROLE CONSEQUENCES.

DEFENDANT IS ADVISED OF APPEAL RIGHTS.

DEFENDANT TO REGISTER AS REQUIRED PURSUANT TO HS 11590
     AS A NARCOTICS OFFENDER.

DEFENDANT TO PAY RESTITUTION FINE IN THE AMOUNT OF
     $3,200.00 PURSUANT TO PC1202.4.

ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.

ENTERED ON CJIS BY BL, DATE 12/21/1998.

REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION   PAGE   2

CASE NO. SC100954 A        DATE: 12/18/98        TIME: 09:00 AM      DEPT.: D
PEOPLE VS. RADONICH, DONALD EUGENE JR

JOHN S GRAHAM, JUDGE

REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION   PAGE   3

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __MARIN__
BRANCH _____

COURT I.D. |21|

FILED

DEC 18 1998

PEOPLE OF THE STATE OF CALIFORNIA versus

CASE NUMBER(S)

| | | |
|---|---|---|
| PRESENT XX | SC100954A -A | |
| DEFENDANT: DONALD EUGENE RADONICH | -B | |
| AKA: | NOT PRESENT ☐ -C | |
| | -D | |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | AMENDED ABSTRACT ☐ -E | |

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 12-18-98 | D | John Stephen Graham | B. Lucchesi |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Margaret Collins | Girard Courteau | Bonita Marmor | Steve Shapiro |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES) _____    SENTENCE RELATION

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY | | | CONCURRENT | CONSECUTIVE 1/3 NON-VIO | CONSECUTIVE FULL | MIDTERM/UPPER/LOWER | STAYED | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | JURY/TRIAL | COURT TRIAL | PLEA | | | | | | YEARS | MONTHS |
| 1 | HS | 11383 | Poss of Substan with intent to manufacture cont substance | 98 | 8 | 20 | 98 | X | | | U | | (1170.12(a) (b)(c)(d) | | | 12 | |
| 2 | PC | 496(a) | poss of stolen property | 98 | 8 | 20 | 98 | X | | | U | | | | | 1 | 4 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS 11370.4(b) | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS

Register pursuant to 11590
Pay restitution pursuant to
1202.4 in the amount of $3,200.00

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED: | 16 | 4 |

9. EXECUTION OF SENTENCE IMPOSED:

A. XX AT INITIAL SENTENCING HEARING    B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. ☐ AFTER REVOCATION OF PROBATION    D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. ☐ OTHER _____

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 12-18-98 | CREDIT FOR TOTAL DAYS TIME SPENT IN CUSTODY 455 | INCLUDING: | ACTUAL LOCAL TIME 305 | LOCAL CONDUCT CREDITS 150 | STATE INSTITUTIONS ☐ DMH ☐ CDC |
|---|---|---|---|---|---|

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

X FORTHWITH

☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA

☐ CALIF. MEDICAL FACILITY – VACAVILLE

XX SAN QUENTIN

☐ CALIF. INSTITUTION FOR MEN – CHINO

☐ DEUEL VOC. INST.

☐ OTHER (SPECIFY): _____

### CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE Beverly Lucchesi | DATE 12-23-98 |
|---|---|

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

Pen.C. 1213.5

Form Adopted by the Judicial Council of California Effective April 1, 1990

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS