# EXHIBIT D

# CALIFORNIA APPELLATE COURTS

## Case Information

| Welcome | **1st Appellate District** | Change court ☑ |
|---|---|---|
| Search | Court data last updated: 06/03/2008 02:05 PM | |

**Case Summary   Docket   Scheduled Actions   Briefs**
**Disposition   Parties and Attorneys   Trial Court**

Welcome
Search
E-mail
Calendar
Help
Opinions

C|C
home

## Docket (Register of Actions)

**In re Radonich on Habeas Corpus.**
**Division 3**
**Case Number A117597**

| Date | Description | Notes |
|---|---|---|
| 05/03/2007 | Petition for a writ of habeas corpus filed. | |
| 05/10/2007 | Order denying petition filed. | On May 3, 2007 petitioner Donald Radonich filed an "Appeal from the Judgment of the Superior Court of the State of California or the County of Marin." That document challenges the Marin County Superior Court's April 19, 2007 "Order for Denying Petition for Writ of Habeas Corpus." Because the proper mechanism to seek further judicial review of the issues raised in petitioner's superior court petition is to file a petition for a writ of habeas corpus in this court, we now construe petitioner's "Appeal" as a petition for habeas corpus. The petition for a writ of habeas corpus is denied. (wrm,pol,sig) |
| 05/10/2007 | Case complete. | |
| 06/28/2007 | Supreme Court order filed re: | The petition for review is denied |
| 03/18/2008 | Shipped to state retention center, box # / list #: | L274 |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

MAY 1 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By_____
                    DEPUTY

In re DONALD EUGENE RADONICH, JR.,

      on Habeas Corpus.

A117597

(Marin County
Super. Court No. SC152354A)

The Court:[*]

    On May 3, 2007 petitioner Donald Radonich filed an "Appeal from the Judgment of the Superior Court of the State of California or the County of Marin." That document challenges the Marin County Superior Court's April 19, 2007 "Order for Denying Petition for Writ of Habeas Corpus." Because the proper mechanism to seek further judicial review of the issues raised in petitioner's superior court petition is to file a petition for a writ of habeas corpus in this court, we now construe petitioner's "Appeal" as a petition for habeas corpus.

    The petition for a writ of habeas corpus is denied.

Dated: MAY 1 0 2007

McGUINESS, P.J.
_____ P.J.

_____

[*] McGuiness, P.J., Pollak, J., & Siggins, J.

# EXHIBIT E

# CALIFORNIA APPELLATE COURTS
### Case Information



| Supreme Court |
| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Opinions |

C|C
home

## Supreme Court

Change court ▾

Court data last updated: 06/03/2008 02:53 PM

**Case Summary**   **Docket**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Lower Court**

## Docket (Register of Actions)

**RADONICH (DONALD EUGENE) ON H.C.**
**Case Number S152936**

| Date | Description | Notes |
|------|-------------|-------|
| 05/23/2007 | Petition for review filed with permission | Donald Eugene Radonich, Petitioner in pro per |
| 05/24/2007 | Record requested | 1-accordion folder |
| 06/27/2007 | Petition for review denied | Corrigan, J., was recused and did not participate. |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

Court of Appeal, First Appellate District, Div. 3 - No. A117597
S152936

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re DONALD EUGENE RADONICH on Habeas Corpus

The petition for review is denied.

Corrigan, J., was recused and did not participate.

SUPREME COURT
**FILED**

JUN 2 7 2007

Frederick K. Ohlrich Clerk
_____
DEPUTY

**GEORGE**

_____
Chief Justice

# S152936



SUPREME COURT
**FILED**

MAY 2 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

FILED WITH PERMISSION

RECEIVED

MAY 2 3 2007

CLERK SUPREME COURT

Donald Eugene Radonich

P-23442 15-I-1-L

P.O. Box 4000

Vacaville, CA. 95696-4000

IN PRO SE

IN THE SUPREME COURT

OF THE STATE OF CALIFORNIA

DONALD EUGENE RADONICH

V.

PEOPLE OF THE STATE OF CALIFORNIA

PETITION FOR REVIEW
TO EXHAUST STATE
REMEDIES. CAL. RULE 33

Donald Radonich, appearing in pro se[1] respectfully petitions for review
following the denial of the Court of Appeal, District 1, Case No. A117597    .

---

1)    Courts generally hold pro se complaints to less stringent standards than
formal pleadings drafted by lawyers. Hughes v. Rowe 449 U.S. 5, 9, 101 S.Ct.
173 (1980). Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972).

T A B L E   O F   C O N T E N T S

I.        INTRODUCTION                                                      1

II.       IMPOSING AN UPPER-TERM SENTENCE VIOLATED APPELLANT'S SIXTH
          AND FOURTEENTH AMENDMENT RIGHTS TO A JURY
          TRIAL AND DUE PROCESS                                            1

     A.   Procedural History                                               1

III. B.   The Sentence Imposed Violates the Federal
          Constitutional Because the Court Relied
          on Factors Not Found True Beyond a
          Reasonable Doubt By a Jury                                       2

IV.  C.   The Objection Is Not Forfeited.                                  3

V.   D.   Denial of the Right to a Jury Trial
          is Not Harmless Beyond Reasonable Doubt                          4

VI.  E.   Appellant's Sentence Must Be Reduced to the Mid-Term            6

i.

I.  **INTRODUCTION**

This is an appeal from a denial of the Superior Court on April 19, 2007 from a petition for writ of habeas corpus in which the Superior Court alleged that Appellant failed to demonstrate a prima facie case for relief. On the contrary. The record is clear of the Sixth Amendment Constitutional violation and Appellant will clearly demonstrate in this Opening Brief that a prima facie case for relief is warranted according to precedent case law.

Defendant-Appellant, respectfully move the Court for an Order correcting an illegal upper term aggravated sentence from the Superior Court for the County of Marin.

This brief raises issues pertaining to the constitutionality of Appellant's upper term sentence under **Cunningham v. California** (No. 05-6551, Jan. 22, 2007) 2007 U.S. LEXIS 1324 and is filed pursuant to the court's standing order Misc. Order No. 2007-003.

### IMPOSING AN UPPER-TERM SENTENCE VIOLATED APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A JURY TRIAL AND DUE PROCESS

A.  Procedural History

Appellant was convicted of one count of Possession of Substance with Intent to manufacture control substance in violation of Health and Safety Code section 11383, and one count of Possession of Stolen Property in violation of section 496(a). The trial court imposed the upper term of twelve years without a finding by a jury of the crime being aggravated. In imposing the upper term the court stated in pertinent part;

So on count 1, it's the judgment of the Court, pursuant to the provisions of 11383 of the Health & Safety Code, and 1170.2 and subsections of the Penal Code, you are sentenced to the custody of the California Department of Corrections. And in view of your history, all factors considered and all arguments considered, I find that the upper term is the appropriate term, and it's ordered that you are

to serve 12 years in the custody of the State of California Department of Corrections".

"And as to Count 2, the Court finds also that the appropriate term is the upper term; however, under the provision of 1170.1, combined with 496 and 1170.2, the one-third of the mid-term is the applicable period consecutive to the period in Count 1, that's one year four months imposed and 56 months stayed". See Exhibit "A" hereto attached.

### B. The Sentence Imposed Violates the Federal Constitution Because the Court Relied on Factors Not Found True Beyond a Reasonable Doubt By a Jury.

As the United States Supreme Court held in **Apprendi v. New Jersey** (2000) 530 U.S. 466, 490, "Any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In **Blackely v. Washington** (2004) 542 U.S. 296, the Supreme Court held that the trial court's use of an aggravating factor not found to be true by the jury to increase the defendant's sentence above the statutory maximum, other than the fact of a prior conviction, violated the rule explained in **Apprendi.**

In January 2007, the Supreme Court held that California's determinate sentencing law violates a defendant's federal constitutional right to a jury trial and proof beyond a reasonable doubt by allowing the judge to impose an aggravated sentence based on facts found by the judge by a preponderance of the evidence. (**Cunningham v. California** (No. 05-6551, Jan. 22, 2007) 2007 U.S. LEXIS 1324 at p. *11.) As the **Cunningham** court stated, "Because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt ... the DSL violates **Apprendi's** bright-line rule; Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation.]" (Id. at pp. *35-36.)

In the present case, none of the factors used by the trial court pass muster under Cunningham. The "mere fact of prior conviction" is not an aggravating factor under rule 4.421, and the court's use of appellant's history here were based on

qualitative, subjective conclusions which are the type of judgment-calls that Cunningham, Blakely, and Apprendi reserve for the jury.

In addition, the court cited a number of factors in support of imposing the upper term. The mere fact of Appellant's criminal history, joint suspended sentence and association with the law would have been insufficient under rule 4.421, and it is otherwise impossible to determine on the record before this court which factors weighed the heaviest in the court's determination that the upper term was appropriate for appellant.

Thus, because the sentencing factors used in Appellant's case do not pass constitutional muster under the principles followed in Cunningham, the court erred in imposing the upper term.

### C. The Objection Is Not Forfeited.

Trial counsel did not specifically object to the imposition of the upper term as a violation of Appellant's right to a jury trial or his right to a finding beyond a reasonable doubt.

Appellant was sentenced on December 18, 1998 (Exhibit "A"). People v. Black (2005) 35 Cal. 4th 1238 was decided on June 20, 2005. Thus, at the time of Appellant's sentencing, Black, which upheld California's determinate sentencing law against a Blakley challenge, was controlling authority in California and all lower courts were bound by the holding in Black. (Auto Equity Sales, Inc. (1962) 57 Cal. 2d 450.) Even if trial counsel had raised a challenge to the sentencing based upon Blakely, the challenge would have been denied pursuant to Black, so an objection would have been futile. Therefore, the issue is preserved (People v. Esquibel (2006) 143 Cal. App. 4th 645, 660 ["... we find there is no waiver or forfeiture of Blakely error in this case because a criminal defendant cannot have forfeited or waived a legal argument that was not recognized at the time of his trial"].)

For the same reason, an objection in the trial court would not have achieved the purpose of prompt detection and correction of error in the trial court. (People v. Scott (1994) 9 Cal. 4th 331, 351; People v. Butler, supra, 122 Cal. App. 4th app. 917-918. ["Since the purpose of the forfeiture doctrine is to 'encourage a defendant to bring any error to the trial court's attention so the court may correct or avoid the errors,' [citation], we find it particularly inappropriate to invoke that doctrine here in light of the fact that Blakely was decided after [Appellant] was sentenced."])

Furthermore, Appellant did not personally waive his right to a jury trial on the issue of aggravating factors. Cunningham established that a defendant has a federal constitutional right to a jury trial as to all factors, other than the fact of a prior conviction, that are used to impose the upper term. His waiver of that right must be knowing and voluntary and must appear on the record; it will not be presumed. (Boykin v. Alabama (1969) 395 U.S. 238, 243; see also, California Constitution, article I, section 16; People v. Ernst (1994) 8 Cal. 4th 441, 445.)

Therefore, the failure to object in the Superior Court does not forfeit appellate review of this issue.

### D.  Denial of the Right to a Jury Trial is Not Harmless Beyond Reasonable Doubt

Following Neder v. United States (1999) 527 U.S. 1, the California Supreme Court addressed whether and to what extent Apprendi error should be subject to harmless error analysis. (People v. Sengpadychith (2001) 26 Cal. 4th 316.) In Sengpadychith, the trial court submitted a charge gang enhancement to the jury, but did not instruct the jury on one element of the enhancement. (Id. at p. 322.) The California Supreme Court concluded that this Apprendi error was subject to harmless error review under the federal standard set out in Chapman v. California (1967) 386 U.S. 18: the error was reversible "unless it can be shown 'beyond a reasonable doubt' that the error did not contribute to the jury's verdict ."

(Sengpadychith, 26 Cal. 4th at p. 326; see also People v. Smith (2003) 110 Cal. App. 4th 1072, 1079, fn. 9 [following Sengpadychith].)

The United States Supreme Court recently came to the same conclusion about Blakely error in Washington v. Recuenco (2006) ___ U.S. ___ [126 S. Ct. 2546, 165 L. Ed. 2d 466]. In Recuenco, the defendant was charged with assault with a deadly weapon, "to wit: a handgun." (Id. at p. 472.) Defense counsel requested a special verdict form that directed the jury to make a finding as to whether the defendant used a "deadly weapon." (Ibid.) The jury found the defendant guilty of a second degree assault and found that the assault was committed with a deadly weapon. The court sentenced the defendant as if the jury made a true finding that he had been armed with a firearm. (Ibid.) The United States Supreme Court rejected the argument that this was structural error, reversible without a showing of prejudice and held that this error was subject to Chapman's harmless error standard. (Id. at p. 477.)

There was never any dispute that the defendant used a firearm; the charging document alleged that the deadly weapon was a firearm. (Id. at p. 472.) Thus, the jury's finding that he used a deadly weapon implied the use of a firearm because there is no other conclusion that can be reached. The evidence that a firearm was used was presented to the jury, and based on the record on appeal, a reviewing court would not need to speculate as to the whether the jury would not have found the deadly weapon to be a firearm, thus it is reasonable that the Court would find the error harmless. Recuenco means that the trial court's reliance on an aggravating factor is harmless only if the defendant admitted the factor or did not dispute the evidence supporting the factor. Neder does not permit a reviewing court to guess at how a jury would have resolved a dispute. As Neder put it, "[a] reviewing court making this harmless-error inquiry does not, as Justice Traynor put it, 'become in effect a second jury to determine whether the defendant is guilty.'" (Neder v. United States, supra, 527 U.S. at p. 19.) Such speculation would be necessary

where there can be any dispute about the factors in aggravation, and thus Recuenco, while establishing Chapman as the standard of review for prejudice, is limited in its practical application.

In Appellant's case before the Court, the prosecution cannot establish that the error is harmless beyond a reasonable doubt. It is pure speculation that the jury would have found a sufficient number of the aggravating factors to be true. The jury made no finding with respect to the increasing seriousness of Appellant's past history and associating with the law, his probation status, or whether there were multiple victims in this case. See Abstract of Judgment hereto attached as Exhibit "B". Furthermore, the aggravating factors used by the judge were, for the most part, subjective conclusions, not the undisputed facts considered in Recuenco. The jury easily could have disagreed with the court's belief that Appellant's criminal history were increasingly serious or that there were multiple victims.

E.  Appellant's Sentence Must Be Reduced to the Mid-Term.

Cunningham reversed the California court's imposition of the upper term, and remanded the case for further proceedings. (Cunningham, supra, at p. *46) It did not, however, articulate just what those further proceedings should be, leaving that to California to resolve. (Id. at p./*45.)

In this case, the only permissible remedy is to strike the upper term and impose the mid-term because current California law does not permit submission of aggravating sentencing factors to a jury. For example, a jury is generally authorized to render only a general verdict. (See Penal Code section 1150 ["The jury must render a general verdict, except that in a felony case, when they are in doubt as to the legal effect of the facts proved, they may, except upon a trial for libel, find a special verdict."].) Blakely means there must be a special verdict or a non-capital penalty phase of trial. But in California the scope of jury trials and permissible verdicts are matters governed by the California Constitution,

statute, and rules of court. Nowhere do these authorize juries to determine factors in aggravation.

Under Cunningham, the factors set forth in Penal Code section 1170 and the implementing rules of court violate the **Apprendi** mandate. The term of imprisonment that may be imposed based solely on the jury's verdict is the middle term. The judge may not impose the upper term unless he/she finds that there are additional aggravating factors, which are reserved solely to the trial judge based upon a preponderance of the evidence standard and can be gleaned from material that the jury never considered (e.g., probation reports). Indeed, by virtue of rule 4.420, subd. (d) the judge is specifically prohibited from imposing the upper term based on an element of the underlying offense -- the very facts that the jury unanimously found to be true beyond a reasonable doubt. However, there is no provision in California law for submitting them to a jury. The "circumstances in aggravation" contained in rule 4.421 are a judicial creation. The legislature has not enacted them and the prosecution did not charge them here. Any "facts that expose a defendant to a punishment greater than that otherwise legally prescribed" are functional equivalent of an element of a greater offense than the covered by the jury's guilty verdict." (**Apprendi** v. New Jersey, _supra_, 530 U.S. at pp. 484, fn. 10 494 fn. 19; see also <u>People v. Betts</u> (2005) 34 Cal. 4th 1039, 1054 ["A fact that increases the maximum permissible punishment for a crime is the functional equivalent of an element of the crime, regardless whether that fact is defined by state law as an element of the crime or as a sentencing factor."].) After **Apprendi**, **Blakely**, and **Cunningham**, "Circumstances in aggravation" are necessarily deemed elements of the crime rather than mere "rules for court administration, practice, and procedure." (<u>People v. Wright</u> (1982) 30 Cal. 3d 705, 711, citing California Constitution, article VI, section 6.)

Appellant contends that the judiciary cannot manufacture elements on which

a jury may be instructed.  (<u>Keeler v. Superior Court</u> (1970) 2 Cal. 3d 619, 631 [subject to constitutional limits, "the power to define crimes and fix penalties is vested exclusively in the legislative branch"].)  Accordingly, a judicial rule or doctrine "does not itself define a crime, as that is a legislative function." (<u>People v. Cervantes</u> (2001) 26 Cal. 4th 860, 867, fn 10.)  Absent "legislative proscription of conduct, there is no crime."  (<u>People v. Dillon</u> (1983) 34 Cal. 3d 441,461.)  Nor may courts expand the definition of a crime by interpretation: "it is clear the courts cannot go so far as to create an offense by enlarging a statue, by inserting or deleting words, or by giving the terms used false or unusual meanings."  (<u>People v. Keeler</u> (1970) 2 Cal. 3d 619, 632.)

Therefore, until or unless the legislature enacts the rule 4.421 factors as elements of crimes or as the basis for sentencing enhancements, trial courts have no authority to instruct juries on those elements or to engage in harmless-error analysis as to what a jury might have done if so instructed.  (Cf <u>State v. Pillatos</u> (Wash, Jan. 25, 2007) 2007 WL 178188,*3 ["This court will not create a procedure to empanel juries on remand to find aggravating factors because the legislature did not provide such a procedure.... To create such a procedure out of whole cloth would be to usurp the power of the legislature," and thus "trial courts do not have inherent authority to empanel sentencing juries"]; <u>State v. Kessler</u> (2003) 276 Kan. 215-217 [73 P. 3d 761, 771-772] [trial court erred in instructing jury and imposing upward departure when the statutory "procedure in place at the time was unconstitutional" and legislature had not yet enacted new procedure].)  Furthermore, any attempt to apply such new legislation to Appellant would be barred by the constitutional prohibition against ex post facto punishment.

Accordingly, this Court should strike the unconstitutionally imposed upper term and impose the mid-term for both counts and issue an ORDER to the Superior Court.

**WHEREFORE,** for all of the foregoing reasons Appellant has certainly demonstrated a prima facie case for relief and remand to the Superior Court for a reduction of sentence to the mid-term.

I swear under the penalty of perjury that all of the information in this Opening Brief are true, correct and complete and to those matters stated on information and belief, I believe them to be true.

DATED: May 19 2007                         Respectfully submitted,

                                          _Donald E. Radonich_

                                          Donald E. Radonich, Jr.
                                          Appellant In Pro Se/

## PRAYER FOR RELIEF

Petitioner is without remedy save for habeas corpus. Accordingly petitioner requests that the court:
1. Issue a writ of habeas corpus
2. Issue an order to show cause
3. Declare the rights of the parties
4. Declare the court made a sentencing error by imposing the upper aggravated term on factors not presented to the jury.
5. That petitioner be sentenced to the middle term
6. Appoint counsel or award reasonable attorneys'fees.
7. Grant any and all other relief found nessary or appropriate.

## VERIFICATION

I Donald Radonich state: I am the petitioner in this action. I have read the foregoing petition for wrt of habeas corpus and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was excuted on 5-19-07 , at solano state prison California.

                                          _____
                                          DONALD E.RADONICH JR.

EXHIBNIT "A"

1  believe that's what was going on, and I think the jury

2  was thoroughly correct in coming to that conclusion.

3          And you did it at the time when you had your

4  son and when you had your daughter on the way, and if

5  that's not enough to stimulate you to conform your

6  conduct to some reasonable standard of safety and

7  propriety for the rest of the public, what you have in

8  the world right now is no more likely to do so.

9          So I think pursuant to the standards that are

10  clearly articulated in the Romero and in the Williamson

11  case, I do not have good cause to strike the prior and

12  would be in violation of my authority to do so.

13          Given that circumstance, the rest of it has a

14  certain amount of definiteness and compulsion to it.

15  The law provides that you can't be put on probation.  I

16  don't think it would be a good idea anyway, but I can't

17  put you on probation.  In view of all of the

18  circumstances, the law says that without some very

19  substantial good reason, which I don't find, I have to

20  send you to prison.

21          So on Count 1, it's the judgment of the Court,

22  pursuant to the provisions of 11383 of the Health &

23  Safety Code, and 1170.12 and subsections of the Penal

24  Code, you are sentenced to the custody of the California

25  Department of Corrections.  And in view of your history,

26  all factors considered and all arguments considered, I

27  find that the upper term is the appropriate term, and

28  it's ordered that you are to serve 12 years in the

42

1   custody of the State of California Department of
2   Corrections.
3          And as to Count 2, the Court finds also that
4   the appropriate term is the upper term; however, under
5   the provisions of 1170.1, combined with 496 and 1170.12,
6   the one-third of the mid-term is the applicable period
7   consecutive to the period in Count 1, that's one year
8   four months imposed and 56 months stayed.
9          And then on the 11370.2(b) allegation,
10  pertinent to the offense of Count 1, there's a
11  three-year aggravation provided under the law that's
12  consecutive to the aggregate sentence is 16 years four
13  months in state prison.
14         Following any period in state prison, you will
15  be placed on parole. The parole period, I believe,
16  would be three-years. However, it might be extended
17  because of revocations.
18         You could do four additional years in state
19  prison on revocations. That would be four separate
20  revocations, consequence one year additional time each
21  as a possibility.
22         There is a requirement that you register as a
23  narcotics offender pursuant to 11590 of the Health &
24  Safety Code.
25         And I'll order that you pay a restitution fine
26  in the amount of $3,200 pursuant to Penal Code Section
27  1202.4.
28         And also you need to be aware that if you want

508

| | |
|---|---|
| 1 | AFTERNOON SESSION                    2:45 O'CLOCK P.M. |
| 2 | ---oOo--- |
| 3 | THE COURT:  The record will reflect that we've |
| 4 | got all the jurors back .. Both counsel and defendant |
| 5 | are here.  The alternates are not present. |
| 6 | And, Juror No. 45, because I got a note from |
| 7 | you, and because you're carrying something that looks |
| 8 | like the verdict forms and the instruction book, I'm |
| 9 | going to infer that you not only have been elected |
| 10 | foreperson but you have not been deposed.  Is that |
| 11 | correct? |
| 12 | JUROR NO 45:  No. |
| 13 | THE COURT:  And the other thing is, the |
| 14 | bailiff has informed me that you have reached verdicts. |
| 15 | Is that correct? |
| 16 | JUROR NO 45:  That is correct, your Honor. |
| 17 | THE COURT:  And have you signed and dated the |
| 18 | appropriate forms and left the others blank? |
| 19 | JUROR NO 45:  I have, your Honor. |
| 20 | THE COURT:  Would you please give all the |
| 21 | forms to the bailiff so I can inspect them. |
| 22 | I'll ask the Clerk to please read the |
| 23 | verdicts. |
| 24 | THE CLERK:  Marin County Courts, Superior |
| 25 | Court of California.  The People of the State of |
| 26 | California versus Defendant, Donald Eugene Radonich, |
| 27 | Case No. SC100954A. |
| 28 | We the jury in the above-entitled case, find |

509

1    the defendant guilty of a Felony Violation of California

2    Health & Safety Code Section 11383(c)(1), possession of

3    Ephedrine with intent to manufacture methamphetamine.

4           We the jury in the above-entitled case, find

5    the defendant guilty of a Felony Violation of California

6    Penal Code section 496(a), possessing or receiving

7    stolen property.

8           Foreperson (Juror No. 45), date 8/20/98.

9           THE COURT:  Are those your verdicts, Juror

10   No. 45?

11          JUROR NO 45:  Yes, they are, your Honor.

12          THE COURT:  Do you wish to have the jury

13   polled?

14          MS. MARMOR:  Yes.  Thank you.

15          THE COURT:  Will it be satisfactory to poll

16   the jury on both counts at the same time?

17          MS. MARMOR:  Yes.

18          THE COURT:  As in, "Are those your verdicts?"

19          MS. MARMOR:  Yes.

20          THE COURT:  The Clerk will poll the jury.

21          THE CLERK:  (Juror No. 76), are these your

22   verdicts?

23          JUROR NO. 76:  Yes, they are.

24          THE CLERK:  (Juror No. 45), are these your

25   verdicts?

26          JUROR NO 45:  Yes, they are.

27          THE CLERK:  (Juror No. 35), are these your

28   verdicts?

EXHIBIT "B"

594

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

**FILED**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____ MARIN

BRANCH _____

COURT I.D.

2 ?

DEC 18 1998

PEOPLE OF THE STATE OF CALIFORNIA versus

DEFENDANT: DONALD EUGENE RADONICH

AKA:

CASE NUMBER (S)

SC100954A -A

- [X] PRESENT -B
- [ ] NOT PRESENT -C

COMMITMENT TO STATE PRISON -D
ABSTRACT OF JUDGMENT -E

AMENDED
ABSTRACT [ ]

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 12-18-98 | D | John Stephen Graham | B. Lucchesi |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Margaret Collins | Girard Courteau | Bonita Marmor | Steve Shapiro |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT (NUMBER OF PAGES) _____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY | PLEA | COURT | ENHANCEMENTS | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11383 | Poss of Substan w/intent to manufacture cont substance | 98 | 8 | 20 | 98 | X | | | (1170.12(a) | 12 | |
| 2 | PC | 496(a) | poss of stolen property | 98 | 8 | 20 | 98 | X | | | | 1 | 4 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or striken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter fine total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | | | | | | | | | | |
| | 11370.2(c) | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER:
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS: Register pursuant to 11590
Pay restitution pursuant to 1202.4 in the amount of $3,200.00

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of terms for enhancements.)

8. TOTAL TERM IMPOSED: 16  4

9. EXECUTION OF SENTENCE IMPOSED:

- A. [X] AT INITIAL SENTENCING HEARING
- B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
- C. [ ] AFTER REVOCATION OF PROBATION
- D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
- E. [ ] OTHER

10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 12-18-98 | CREDIT FOR TOTAL DAYS TIME SPENT IN CUSTODY 455 INCLUDING: | ACTUAL LOCAL TIME 305 | LOCAL CONDUCT CREDITS 150 | STATE INSTITUTIONS [ ] DMH [ ] CDC

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

- [X] FORTHWITH
- [ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

- [ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
- [ ] CALIF. MEDICAL FACILITY – VACAVILLE
- [ ] CALIF. INSTITUTION FOR MEN – CHINO
- [ ] DEUEL VOC. INST.
- [X] SAN QUENTIN
- [ ] OTHER (SPECIFY):

### CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Beverly Lucchesi | 12-23-98 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
Effective April 1, 1990

### ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

PC § 1213.5

DISTRIBUTION:   PINK COPY – COURT FILE      YELLOW COPY – DEPARTMENT OF CORRECTIONS      WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

```
J2411H1                    SUPERIOR COURT CRIMINAL                12/21/98
MARIN CJIS              IN AND FOR THE COUNTY OF MARIN              14:40
ORGANIZATION: SC
```

CASE NO. SC100954 A      DATE: 12/18/98      TIME: 09:00 AM      DEPT.: D

PEOPLE VS. RADONICH, DONALD EUGENE JR
BOOKED AS:

JUDGE:    JOHN S GRAHAM, JUDGE          CLERK:    MS LUCCHESI
REPORTER: MARGARET COLLINS              BAILIFF:

NATURE OF PROCEEDINGS: REPORT AND JUDGMENT

CHARGES: 1. HS 11383(C)(1) W/PC 1203(E)(4):F4 W/HS 11370(A)(C) W/PC 1170.12
            (A) W/HS 11370.2(B)
         2. PC 496(A) W/PC 1170.12(A)

DEPUTY DISTRICT ATTORNEY AL DAIR AND GIRARD COURTEAU
    APPEARED.

DEFENDANT APPEARED WITH DEPUTY PUBLIC DEFENDER MARMOR.

DEPUTY PROBATION OFFICER STEVEN SHAPIRO APPEARED.

DEFENDANT IN CUSTODY ON THIS CASE.

PROBATION REPORT READ, CONSIDERED, AND FILED.

MOTION FOR NEW TRIAL ARGUED AND SUBMITTED.

MOTION OF NEW TRIAL FOR/TO DEFENDANT IS DENIED.

MOTION TO STRIKE PRIOR ARGUED AND SUBMITTED.

MOTION OF STRIKE PRIOR FOR/TO DEFENDANT IS DENIED.

DEFENDANT WAIVES TIME FOR SENTENCING.

DEFENDANT STATES THERE IS NO LEGAL CAUSE WHY JUDGMENT
    SHOULD NOT BE PRONOUNCED.

DEFENDANT, DEFENDANT'S COUNSEL, MS.NORMAN, MRS.
    RADONICH, DEFENDANT'S MOTHER ALL ADDRESS THE COURT.

DEPUTY DISTRICT ATTORNEY ADDRESS THE COURT.


    REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION  PAGE  1
```

FILED

DEC 1 8 1998

JOHN P. MONTGOMERY
Court Executive Officer
MARIN COUNTY COURTS
By: _____ Lucchesi Deputy

CASE NO. SC100954 A      DATE: 12/18/98      TIME: 09:00 AM      DEPT.: D
PEOPLE VS. RADONICH, DONALD EUGENE JR

THE COURT MAKES THE FOLLOWING FINDINGS AND/OR ORDERS:

PROBATION IS DENIED.

AS TO COUNT 1, CIRCUMSTANCES WARRANT AGGRAVATED TERM.

DEFENDANT COMMITTED TO STATE PRISON FOR 12 YEARS.

AS TO COUNT 2, CIRCUMSTANCES WARRANT AGGRAVATED TERM.

DEFENDANT COMMITTED TO STATE PRISON FOR 6 YEARS.

AS TO COUNT 2, PURSUANT TO PC 1170.1, 56 MONTH(S)
      STAYED, 16 MONTH(S) IMPOSED.

THE TOTAL AGGREGATE SENTENCE IMPOSED IS 16 YEAR(S), 4
      MONTH(S), 0 DAYS IN THE STATE PRISON.

PLUS ENHANCEMENT FOR ALLEGATION NUMBER 5 AS TO COUNT 1
      PURSUANT TO HS 11370.2(B) OF 3 YEAR(S), IMPOSED.

DEFENDANT TO RECEIVE CREDIT FOR TIME SERVED: 305 PLUS
      150 GOOD/WORK, FOR A TOTAL OF 455 DAYS.

DEFENDANT IS ADVISED OF PAROLE.

DEFENDANT IS ADVISED OF PAROLE CONSEQUENCES.

DEFENDANT IS ADVISED OF APPEAL RIGHTS.

DEFENDANT TO REGISTER AS REQUIRED PURSUANT TO HS 11590
      AS A NARCOTICS OFFENDER.

DEFENDANT TO PAY RESTITUTION FINE IN THE AMOUNT OF
      $3,200.00 PURSUANT TO PC1202.4.

ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.

ENTERED ON CJIS BY BL, DATE 12/21/1998.

---

REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION  PAGE  2

CASE NO. SC100954 A        DATE: 12/18/98        TIME: 09:00 AM        DEPT.: D
PEOPLE VS. RADONICH, DONALD EUGENE JR

JOHN S GRAHAM, JUDGE

REPORT AND JUDGMENT/MODIFICATION/OR REVOCATION OF PROBATION   PAGE  3

EXHAUSTION OF STATE REMEDIES

FILED

APR 19 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: M. Murphy, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN THE MATTER OF                                    )
                                                   )
Donald Eugene Radonich, Jr.                        )
                                                   )
                    P-23442                         )   Case No.: SC152354A
                                                   )
Petitioner,                                        )   ORDER DENYING PETITION
                                                   )   FOR WRIT OF HABEAS CORPUS
FOR WRIT OF HABEAS CORPUS.                          )
                                                   )

     The petition for writ of *habeas corpus* is denied.  The Petition does not state facts

demonstrating a prima facie basis for relief in *habeas corpus*.


     Dated:  April 19, 2007


                                        JOHN S. GRAHAM
                                        Judge of the Superior Court


Cc:  Petitioner
     Warden
     Attorney General

-1-

STATE OF CALIFORNIA )
COUNTY OF MARIN      )

IN RE: DONALD EUGENE RADONICH, JR.
ACTION NO.: SC152354A
(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF JUSTICE, SAN RAFAEL, CA 94903.  ON **April 20, 2007** I SERVED THE WITHIN *ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS* IN SAID ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *DONALD EUGENE RADONICH, JR.*<br>*CDC# P-23442*<br>*CSP-SOLANO 15-II-LO*<br>*PO BOX 4000*<br>*VACAVILLE, CA 95696-4000* | *WARDEN*<br>*CSP-SOLANO*<br>*PO BOX 4000*<br>*VACAVILLE, CA 95696-4000* |
| *ATTORNEY GENERAL*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102* | |
| | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:    4/20/07

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**COPY**

**FILED**

MAY 1 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

| | |
|---|---|
| In re DONALD EUGENE RADONICH, JR.,<br><br>  on Habeas Corpus. | A117597<br><br>(Marin County<br>Super. Court No. SC152354A) |

The Court:[*]

On May 3, 2007 petitioner Donald Radonich filed an "Appeal from the Judgment of the Superior Court of the State of California or the County of Marin." That document challenges the Marin County Superior Court's April 19, 2007 "Order for Denying Petition for Writ of Habeas Corpus." Because the proper mechanism to seek further judicial review of the issues raised in petitioner's superior court petition is to file a petition for a writ of habeas corpus in this court, we now construe petitioner's "Appeal" as a petition for habeas corpus.

The petition for a writ of habeas corpus is denied.

Dated: **MAY 1 0 2007**          **McGUINESS, P.J.** P.J.

---

[*] McGuiness, P.J., Pollak, J., & Siggins, J.