Donald E. Randonich
P-23442 15-I-1-L
P.O. Box 4000
Vacaville, CA 95696-4000

In Propria Persona/

"PLEASE RETURN CONFORMED COPY"

FILED

2008 AUG -8 P 3: 04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA A.S.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD E. RANDONICH,

   Petitioner,

vs.

D.K. SISTO, Warden,

   Respondent,
_____/

No. C 07-3730 RMV (PR)

NOTICE OF OPPOSITION TO RESPONDENTS MOTION TO DISMISS AS UNTIMELY; MEMORANDUM OF POINTS AND AUTHORITIES INCLUDED

TO THE HONORABLE PRESIDING MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE CLERK OF THE COURT:

   PLEASE TAKE NOTICE that Petitioner hereby files his Opposition to Respondents Motion to Dismiss based upon the following grounds:

   1. Respondents is wrong that Petitioner's petition for writ of habeas is untimely.

   2. Respondent is wrong that Petitioner cannot rely upon Apprendi v. New Jersey, 530 U.S. 466.

ARGUMENT

MEMORANDUM OF POINTS AND AUTHORITIES

   Petitioner contends that based upon the fact that his sentence was imposed upon him in violation of Cunningham v. California, 549 U.S. 270 (2007) before the "new anti-Cunningham" legislation took place which closed the window for future claims he has a claim for habeas corpus relief.

   Petitioner contends that under Teague v. Lane, 489 U.S. 2188 (1989),

1.

relating to the "Teague Doctrine" an old rule applies both on direct appeal and on habeas corpus.

Petitioner contends that the Teague Doctrine should apply based upon the constitutional blockbuster affect that it has upon Petitioner's constitutional rights which amounted to a "watershed" change in criminal procedure and altered the court's understanding of the "bedrock" elements essential for fairness of a trial.

Petitioner contends that the Cunningham, supra, is not "new" as to Petitioner and the rule announce in Cunningham, supra qualifies under the watershed/bedrock test. Petitioner contends that the rule was "dictated by precedent" which was in existence before Petitioner's conviction became final on June 19, 2002. Apprendi, supra, became final on June 26, 2000, therefor, Apprendi, supra "dictated" the result in Cunningham in spite of Blakely v. Washington, 542 U.S. 296 (2004) not being decided until after Petitioner's conviction became final.

Petitioner contends that Respondents attempt to undercut Petitioner's argument through a motion to dismiss as untimely must fail because Apprendi, supra used the phrase "statutory maximum sentence" to define the upper limit of a permissible sentence under the Sixth Amendment; and Cunningham, supra, claims necessarily attack the highest of three possible sentences, all of which the Legislature had authorized. Nevertheless, constitutional law trumps common sense in the courts, and it was not until Blakely, supra, that the Supreme Court provided a constitutional explanation of what it had meant in Apprendi, supra, by the phrase "statutory maximum". And Blakely, supra, makes it perfectly clear that when the Supreme Court referred to the "statutory maximum" in Apprendi, supra, it did not mean the maximum the Legislature had authorized, but rather the maximum sentence that can be imposed, based solely on the jury's

findings. Applying this definition, a high-end sentence based on facts found by the judge alone does exceed the "statutory maximum", because the mid-term sentence is the most that can be imposed without special findings (or at least it was prior to the new anti-Cunningham legislation).

Petitioner contends that because Cunningham, supra, relies on Blakely, supra, and because Blakely, supra applies the rule announced in Apprendi, supra, Petitioner, whose sentence became final after Apprendi, supra, but before Blakely, supra, argues that his Cunningham, supra, claim raised on habeas corpus is "dictated" by Apprendi, supra, and therefor is not untimely as Respondent has alleged in their motion to dismiss. Therefore, Petitioner certainly has a standing on habeas corpus without violating Teague's, supra prohibition on "new" rules being applied on habeas corpus.

Petitioner also contends that his arguments is not only supported by Blakely's, supra, reliance on Apprendi, supra, because the Cunningham, supra, opinion itself states in numerous places that the genesis for its decision is the rule announced for the first time in Apprendi, supra.

Petitioner contends that in discussing the previous cases which led up to Cunningham, supra, the court says that it has "reaffirmed the rule of Apprendi, supra".

Petitioner contends that in summarizing the holding in Blakely, supra, the Cunningham, supra, court says that it is "applying the rule of Apprendi, supra. Therefore, Respondent is wrong that Petitioner's writ of habeas corpus is untimely and the Court must issue an ORDER for Respondent to respond to the merits of Petitioner's petition for writ of habeas corpus.

Petitioner contends that, even though Cunningham, supra, may not be retroactive under the watershed/bedrock exception to Teague, supra, Teague, is not applicable to Cunningham, supra claims made by habeas corpus petitioners

3.

whose convictions became final after Apprendi, supra, was decided, because Apprendi, supra "dictates" the rule that was announced in Cunningham, supra. See, e.g., People v. Rosen, ___ Cal. App. 4th ___, 2007 WL 900765 (3/27/07), §VII [Apprendi dictated the result in Cunningham]; See also Reed v. Schriro, ___ F. Supp. 2d ___, 2007 WL 521016 (D. Ariz, 2/14/07) [Key "finality" date for successful making Cunningham claims is date that Apprendi came down].

WHEREFORE, for all of the foregoing Respondent's motion based upon untimely must be denied and an is Order is issued by the Court to answer the petition for writ of habeas corpus on the merits.

I swear under the penalty of perjury that all of the information in this motion are true, correct and complete and to those matters stated on information and belief, I believe them to be true.

DATED: August 6, 2008

Respectfully submitted,

Donald E. Randonich Jr.
Petitioner In Pro Se/

4.

## PROOF OF SERVICE BY MAIL

I, Khalifah E.D. Saif'ullah, am a Certified Paralegal and not a party to the within cause of action. I am over the age of 18 years of age, my address is:

> Khalifah E.D. Saif'ullah
> Paralegal C-14257 21-E-7-U
> P.O. Box 4000
> Vacaville, CA 95696-4000

On August 5, 2008, I deposited into the United States Mail at Vacaville, California, a motion entitled:

> NOTICE OF OPPOSITION TO RESPONDENTS MOTION TO DISMISS AS UNTIMELY;
> MEMORANDUM OF POINTS AND AUTHORITIES INCLUDED

with postage thereon fully prepaid and addressed to:

> Gregory A. Ott
> Deputy Attorney General
> 455 Golden Gate Avenue, Suite 11000
> San Francisco, CA 94102-7004

I swear under the penalty of perjury that all of the statements in this declaration is true and correct.

KHALIFAH E.D. SAIF'ULLAH                     _____
                                              Declarant

Dov[...] Radovich P-8[...]
CSP-Solano 15I1L6
P.O. Box 4000
Vacaville CA 95696

Legal Mail

CALIFORNIA STATE PRISON-SOLANO

Att. Clerk U.S. District
Northern District of California
280 South First St. Rm. 2112
San Jose, California 95113-3095

CSP SOLANO
STATE PRISON



02 1A
0004632981   $0
AUG
MAILED FROM ZIP COD[E]