*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD EUGENE RANDONICH, | ) | No. C 07-3730 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) ) | |
| D.K SISTO, | ) ) | (Docket Nos. 7, 16) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, petitioner filed an opposition, and respondent filed a reply brief. Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. §2244(d).

**BACKGROUND**[1]

On August 20, 1998, a jury in Marin County Superior Court found petitioner guilty of possession of and intent to manufacture drugs, and receiving stolen property. (Resp.

---

[1] This factual background is not disputed by the parties.

G:\PRO-SE\SJ.Rmw\HC.07\Randonich730mtdtimgrant.wpd        1

Ex. A.) Based on this verdict, and findings that petitioner had a prior "strike" conviction and a prior felony drug conviction, the trial court sentenced petitioner to a term of sixteen years and four months in state prison. (Id.) The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review on June 19, 2002. (Resp. Exs. A-B.)

Petitioner filed his first habeas petition in Marin County Superior Court on March 5, 2007, and it was denied on April 19, 2007. (Resp. Ex. C.) Petitioner then filed a habeas petition in the California Court of Appeal on May 3, 2007, which was denied seven days later, on May 10, 2007. (Resp. Ex. D.) Finally, petitioner filed a petition for review in the California Supreme Court on May 23, 2007, and it was denied on June 27, 2007. (Resp. Ex. E.) Petitioner filed the instant federal petition on July 19, 2007.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[2] Here, the "time for seeking" direct review expired when the deadline for filing a petition for a writ of certiorari with the United States Supreme Court passed. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The deadline was September 17, 2002, 90 days after the California Supreme Court denied the petition for review. Sup. Ct. R. 13. Consequently, the limitation period commenced on September 17, 2002, and expired one year later, on September 17, 2003. The instant petition was not filed until July 19, 2007, nearly four years later.

---

[2] In rare instances the limitation period may run from a date later than the date on which the judgment became final. See 28 U.S.C. §§ 2244(d)(1)(B)-(D). There is no argument or basis for applying for applying 28 U.S.C. §§ 2254(d)(1)(B), (D) to the instant case. The court explains below why 28 U.S.C. § 1144(d)(1)(C) does not apply.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, petitioner's first state habeas petition was not filed until March 2007, over three years after the limitations period had already expired. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Therefore, there is no basis for statutory tolling in this case. Further, although equitable tolling may be available in limited cases, there is argument or indication that there is any basis for such tolling in this case.

Petitioner argues that his petition is timely because it relies on Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000), Blakely v. Washington, 542 U.S. 296, 303-04 (2004), and Cunningham v. California, 127 S. Ct. 856, 871 (2007).[3] Pursuant to 28 U.S.C. § 2244(d)(1)(C), the commencement of the limitation period can be delayed until the date on which "the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). To the extent petitioner relies upon Apprendi, § 2244(d)(1)(C) is inapplicable because the decision was announced in 2000, *before* petitioner's conviction became final, and as such an Apprendi claim is not "newly recognized" since petitioner's conviction became final. In addition, Apprendi does not apply retroactively to cases on collateral review, see United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002), and neither does Blakely, see Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). To the extent petitioner's claim relies on Cunningham,

---

[3] As his sole grounds for federal habeas relief, petitioner claims that the trial court violated his constitutional rights to a jury trial and to due process by imposing an upper-term sentence.

1  that decision does apply retroactively, but only to convictions that became final in 2004
2  or later, after the decision in <u>Blakely</u>.  <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008).
3  As petitioner's conviction became final in 2002, approximately two years before <u>Buckley</u>
4  was decided, <u>Cunningham</u> does not apply retroactively to petitioner's case.  Thus, 28
5  U.S.C. § 2244(d)(1)(C) does not apply to the instant petition

6    As the petition was filed approximately four years after the limitation period
7  expired, and there is no basis for delaying the commencement of the limitation period or
8  for equitable or statutory tolling, the instant petition must be dismissed as untimely under
9  28 U.S.C. § 2244(d)(1).

## CONCLUSION

11    Respondent's motion to dismiss the petition as untimely (docket no. 7) is
12  GRANTED.  The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).  As
13  petitioner has already paid the filing fee, his application to proceed in forma pauperis
14  (Docket No. 16) is DENIED as moot.

15    The clerk shall terminate all pending motions and close the file.

16    IT IS SO ORDERED.

17  Dated:   1/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge